■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN HANDLEY, Respondent. — Order unanimously reversed and motion denied. Memorandum: The People appeal from an order suppressing defendant's written and oral admissions in this prosecution for rape and sodomy. The hearing court apparently accepted the police officers' testimony as true but nevertheless suppressed defendant's statements because it found on two grounds that the warnings given him were insufficient. First, the court found as a fact that defendant was not advised before interrogation that if he elected to answer the officer's questions he could stop at any time. Sergeant Brosnan testified, however, that he told defendant that "he could refuse to answer any questions" and that he could "stop answering at any time." This was sufficient advisement on the point. Second, the court held that there was no evidence that the police advised defendant that he could have an attorney present during the interrogation. The District Attorney contends that such was not a necessary part of the fourfold *Miranda* warnings. We disagree. The rule, insofar as it relates to the presence of counsel, is stated as follows: "The circumstances surrounding in-custody interrogation can operate very quickly to overbear the will of one merely made aware of his privilege by his interrogators. Therefore, the right to have counsel present, *at the interrogation* is indispensable to the protection of the Fifth Amendment privilege under the system we delineate

today. Our aim is to assure that the individual's right to choose between silence and speech remains unfettered throughout the interrogation process." (*Miranda v Arizona,* 384 US 436, 469; emphasis added.) "Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer *and to have the lawyer with him during interrogation* under the system for protecting the privilege we delineate today." (*Supra,* at p 471; emphasis added; see, also, *People v Rodney P.,* 21 NY2d 1, 3-4; *People v Bowers,* 45 AD2d 241, 248.) The record establishes that defendant was advised at least twice that he was entitled to counsel and to have counsel assigned if necessary. He also was advised by Sergeant Brosnan that "he could call a lawyer if he wanted to; and if * * * we would wait for the lawyer to come before any questioning. He [defendant] said he never had a lawyer and never wanted one." That warning was sufficient compliance with the *Miranda* rule (see *California v Prysock,* 453 US 355). The evidence in the record establishes that defendant's rights were sufficiently explained to him, that he understood them and that he waived them. Accordingly, the motion to suppress defendant's statements is denied. (Appeal from order of Monroe Supreme Court, Kennedy, J. — suppression.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.