■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VARONE PHILLIPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 29, 1982, convicting him of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to concurrent, indeterminate terms of imprisonment of from 25 years to life on each murder count, 12½ to 25 years on the attempted murder count, 5 to 15 years on the assault count, and 5 to 15 years on each criminal possession of a weapon count.

Judgment modified, on the law, by reducing the minimum term of the sentence imposed on the defendant's conviction of attempted murder in the second degree from 12½ to 8⅓ years. As so modified, judgment affirmed.

On October 29, 1981, at approximately 8:40 P.M., the defen-

dant and an accomplice shot and killed Ismael Feliciano, and shot and seriously injured two other individuals at a liquor store located on Nostrand Avenue, in Brooklyn. Shortly thereafter, the accomplice was arrested by the police and made certain statements inculpating the defendant. The accomplice also told the officers that defendant lived at two locations, one on Maple Street, and the other at 362 Linden Boulevard where the accomplice claimed that he and the defendant "hung out" in the basement.

The following morning, after obtaining further information about the defendant, the police drove by the Maple Street address, and after observing that this was a private residence, proceeded to the Linden Boulevard address, which was that of a multiple dwelling with about 50 apartments. They entered the lobby area and proceeded through open glass doors down a stairway leading to the basement. At the suppression hearing, an officer testified that the basement was divided into four or five rooms, some with doors. In one room the building's boiler and fuel were stored; garbage was kept in a second room; and a third room served as a work area. The defendant was observed fully dressed and lying on a mattress on the floor of a fourth room, which was dimly lit and had clothes, as well as a radio, strewn on the floor. An officer arrested the defendant, advising him of his rights from memory. The defendant merely shook his head indicating "yes" in response to the officer's *Miranda* warnings. Later, the defendant was again given *Miranda* warnings at the police station, and in providing pedigree information, told an officer that he lived with his aunt in apartment C8 at 362 Linden Boulevard.

Contrary to the defendant's contentions on this appeal, the suppression court properly found, after a hearing, that the defendant had no reasonable expectation of privacy in the basement room, and that his arrest without a warrant by the police was therefore proper *(see, Payton v New York,* 445 US 573)*.* Moreover, the defendant failed to demonstrate at the suppression hearing that he had the requisite standing to challenge the seizure and subsequent search *(see, People v Ponder,* 54 NY2d 160; *People v De Moss,* 106 AD2d 395).

Also, we find that the *Miranda* warnings given to the defendant in the basement sufficiently advised him of his rights and that defendant knowingly and voluntarily waived his rights *(see, People v Williams,* 62 NY2d 285, 289; *People v Handley,* 85 AD2d 910; *People v Bretts,* 111 AD2d 864; *People v Jerome,* 111 AD2d 874).

The People concede that the defendant's sentence of 12½ to

25 years must be reduced because the crime of attempted murder in the second degree is not a class B armed felony *(see, People v Lawrence,* 97 AD2d 718, *affd* 64 NY2d 200). Accordingly, the minimum term of the defendant's sentence for this conviction of attempted murder is reduced to 8⅓ years.

We find no merit to defendant's remaining contentions. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.