■ The People of the State of New York, Respondent, v John Staley, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 2, 1984, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 20 years to life imprisonment, and a $75 surcharge.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the minimum term of imprisonment from 20 years to 15 years. As so modified, judgment affirmed.

During the course of a police raid on the first floor apart-

ment of a building suspected of being a major drug dealing location, officers entered a third floor apartment to prevent the escape of individuals up a shaftway. Inside the third floor apartment, the police apprehended, among others, the defendant, John Staley, and his codefendant, both of whom were allegedly seen exiting a room found to contain, in open view, a substantial quantity of $10 packets of cocaine. On the defendant's person was found over $2,400 in cash, much of it in $10 and $20 denominations. The defendant contends that this evidence was insufficient to warrant the court charging the jury that they could apply the statutory presumption contained in Penal Law § 220.25 (2), which states, in pertinent part, that "[t]he presence of a narcotic drug * * * in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof". There having been no requests or exceptions with respect to the presumption being charged, the issue is not preserved for review, but we conclude in any event that the charge was properly given. Although the drugs were not in a state of being processed or packaged when discovered, we do not read the presumption so narrowly so that it would be inapplicable to narcotics found in a state of preparation for sale to users.

Viewing the evidence in the light most favorable to the People, a rational juror utilizing the presumption could conclude that the defendant's guilt was proven beyond a reasonable doubt (see, People v Contes, 60 NY2d 620; People v Daniels, 37 NY2d 624, 631). The circumstances of the defendant's arrest tended to indicate his involvement in the drug operation, and the jury was entitled to reject his explanation of his presence at the premises.

Further, the court did not err in permitting the prosecutor to make limited use during cross-examination of documents, found with the narcotics, that bore the names of individuals with the same surname as the defendant.

The defendant's sentence was excessive to the extent indicated.

We have reviewed the defendant's remaining claims of error and have found them to be unpreserved or without merit. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.