OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be affirmed.
Having been. convicted after a jury trial of sexual misconduct, defendant now argues that his right to due process of law was violated when a "rape kit” that included spermatozoa taken from the complainant’s person and underpants was destroyed by the police department property clerk. The "rape *813 kit” had been vouchered before defendant’s arrest and, consequently, was labeled "investigatory” rather than evidence to be held for trial. As a result of an oversight, the "rape kit’s” label was not changed when defendant was arrested and charged, and the evidence was thereafter mistakenly destroyed in accordance with a departmental policy of routinely disposing of unclaimed investigatory property after one year. The destruction of the "rape kit” was first disclosed during the trial testimony of the officer who had vouchered it. According to this officer, she had no knowledge of its destruction until she tried to obtain it from the property clerk on the morning before she was scheduled to testify.
The inadvertent destruction of the "rape kit” provides no basis for a reversal in this case. Defendant was aware of the existence of the "rape kit” some eight months before it was destroyed but never sought its production or expressed an interest in performing independent tests until its destruction was disclosed in the middle of trial. On this record, the only conclusion to be drawn is that defendant forfeited whatever right he had to demand production of the "rape kit” and, consequently, he cannot now complain about the People’s failure to preserve it (see, People v Reed, 44 NY2d 799).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.