■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sullivan, J.), rendered May 20, 1986, convicting him of rape in the first degree, sexual abuse in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the assailant. Viewing the evidence adduced at trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The evidence showed that the complaining witness viewed her assailant at close range for most of the 20-minute duration of the knifepoint attack, that the scene was sufficiently illuminated and that she unequivocally identified the defendant as her assailant at a local baseball field six days after the crime and again at the trial. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that the court erred in failing to instruct the jury to draw an adverse inference against the People for their failure to preserve the "rape kit" evidence gathered from the complaining witness which had decomposed prior to testing. In failing to request such a

charge, the defendant has failed to preserve the claim for appellate review. In any event, the claim is without merit *(see, People v Allgood,* 70 NY2d 812).

Finally, we find nothing in the record to support the defendant's contention that the court abused its discretion in denying his application for youthful offender treatment or in imposing sentence *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Eiber, Kooper and Balletta, JJ., concur.