■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered October 6, 1981, convicting him of attempted murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and oral statements allegedly made by him.

Ordered that the judgment is affirmed.

The hearing court acted properly in denying those branches of the defendant's motion which were to suppress his oral statements and the physical evidence seized. The finding that he was arrested outside his girlfriend's home comported with the evidence; moreover, if he was in fact arrested, as he claims, inside his girlfriend's home, no constitutional violation has been made out. *Payton v New York* (445 US 573) limited its holding to situations where a suspect is arrested without a warrant in his own home, and it does not apply when a suspect is arrested in a home in which he has no reasonable expectation of privacy *(see, People v Phillips, 118 AD2d 600, 601; cf., Steagald v United States, 451 US 204, 219).* Nor did the defendant prove a violation of his right to counsel, as the

credible evidence supported the finding that the interrogation of the defendant ceased as soon as the police were notified that he was represented by counsel.

The documents written by the defendant and found on his person were properly admitted on the issues of identity, intent and motive, and any potential inflammatory effect was outweighed by their probative value (cf., People v Moore, 42 NY2d 421, 428, cert denied 434 US 987). Additionally, the trial court acted properly in striking testimony by the defendant's attorney that she observed an injury to the defendant in the precinct two days after his arrest, and in precluding testimony by the defendant's mother stating that the defendant told her he had been beaten by police. The latter was inadmissible hearsay, and the former, absent any competent evidence connecting the injury to the alleged beating, would have only provided a basis for speculation as to how the injury was incurred. We note that the defendant's mother was permitted to testify about her observations of his injuries on the night of his arrest.

The court correctly determined that the jury should not be instructed on aggravated assault upon a police officer (see, Penal Law § 120.11) as a lesser included offense. At the time of the offense the statute referred only to "peace officers" (see, L 1980, ch 233, § 6), and only in 1981, after commission of the instant offense, was the statute amended to include "police officers" (see, L 1981, ch 175, § 3). The Penal Law at the time of the offense distinguished peace officers from police officers (see, CPL 1.20 [former (33)], [former (34)]; 2.10). As the trial court noted, the defendant could not legally be convicted of a crime that did not exist at the time of its commission.

The notes written by the complainant en route to the hospital were improperly admitted in evidence. Considering their length and the fact that they were in the form of answers to a series of questions, those notes demonstrated time for reflection on the part of the complainant and do not fall within the excited utterance exception to the hearsay rule (see, People v Nieves, 67 NY2d 125, 135; People v Edwards, 47 NY2d 493, 496). Nor may we now rule that the notes were admissible on the issue of probable cause, as they were admitted without limiting instructions as to the purpose for which they were received in evidence. Nevertheless, this error must be deemed harmless in light of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230).

The claimed instances of prosecutorial misconduct raised on

appeal were not preserved for appellate review *(see, People v Dordal,* 55 NY2d 954) and we decline to exercise our interest of justice jurisdiction to reach them.

We have considered the issue raised in the defendant's *pro se* supplemental brief and find it to be meritless. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.