■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT AUSTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered July 18, 1985, convicting him of rape in the first degree, criminal use of a firearm in the first degree, robbery in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contentions, the evidence demonstrated that the complaining witness's in-court identification was based on her opportunity to view her assailant at close range and in an illuminated area during the commission of the crimes which spanned a period of some two hours. Moreover, her testimony that the defendant approached her from behind and pressed a metal object into her back while announcing that he had a gun, was sufficient to establish that he displayed "what appear[ed] to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" within the meaning of Penal Law § 160.10 (2) (b) *(see, People v Baskerville,* 60 NY2d 374, 381; *People v Lopez,* 73 NY2d 214). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Although, as a general rule, it is improper to adduce testimony from a complaining witness that he identified the defendant from a photograph *(see, People v Griffin,* 29 NY2d 91; *People v Caserta,* 19 NY2d 18; *see also, People v Bolden,* 58 NY2d 741), an exception is available where defense counsel opens the door to this inquiry during his cross-examination of the witness *(see, People v Smith,* 133 AD2d 863, 864, *lv denied* 71 NY2d 903; *People v Giallombardo,* 128 AD2d 547, 548, *lv denied* 69 NY2d 1004). Hence, it was not improper for the prosecutor to elicit clarifying testimony from the complaining witness, on redirect examination, that she had identified the

defendant from a photograph since defense counsel opened the door to this area of inquiry by creating the misimpression that the complaining witness was unable to make a photographic identification of the defendant.

In addition, the inadvertent destruction of the "rape kit" does not provide a basis for reversal (see, People v Allgood, 70 NY2d 812; see also, Arizona v Youngblood, 488 US —, 109 S Ct 333). Under the circumstances, the court did not err in refusing to instruct the jury that it could draw an adverse inference against the People due to the failure to preserve the evidence secured from the complainant (see, People v Allgood, supra; People v Morales, 141 AD2d 567, lv denied 72 NY2d 922).

We have reviewed the defendant's remaining contentions, including those raised by his supplemental pro se brief and his claim of excessive sentence, and find them to be without merit. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.