■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 29, 1987, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rienzi, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted to the extent that the controlled substances are suppressed, the defendant's plea of guilty is vacated, the first count of the indictment charging the defendant with criminal possession of a controlled substance in the first degree and the second count of the indictment charging the defendant with criminal possession of a controlled substance in the third degree are dismissed, and the matter is remitted to the Supreme Court, Kings County, for the further proceedings.

The defendant and his codefendants were charged by Kings County indictment No. 5072/86 with criminal possession of a controlled substance in the first degree, criminal possession of controlled substance in the third degree, criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the third degree (two counts).

They moved to suppress evidence of drugs, a weapon and drug paraphernalia seized by the police pursuant to a search warrant on the ground that the warrant was invalid. Following the denial of suppression, the defendant pleaded guilty to criminal possession of a controlled substance in the second degree in full satisfaction of the indictment.

The suppression hearing encompassed the issues of the standing of the various defendants and the validity of the warrant. At the hearing, it was argued that the means by which the People would connect the drugs to the defendant was through the statutory presumption set forth in Penal Law § 220.25 (2)—and the People have not argued otherwise on appeal in opposition to the defendant's appellate contentions in this respect. Indeed, in argument before the court at the close of the hearing, the Assistant District Attorney specifi-

cally argued that, "I don't think it's unreasonable for the prosecution to rely on the open room presumption * * * because this was a situation that that presumption was designed for". Thereafter, the hearing court held that the defendant did not have standing to challenge the seizure of the drugs. With respect to the one codefendant who was found to have standing, the court determined the warrant was invalid and granted the codefendant's motion to suppress all of the physical evidence seized pursuant to the warrant. The defendant now appeals arguing that the court erred in determining that he lacked standing to challenge the legality of the search.

Since the criminal charges arising from the confiscated narcotics were premised by the People upon the defendant's statutorily derived presumptive possession *(see,* Penal Law § 220.25), the hearing court erred in concluding that the defendant lacked standing to challenge their seizure *(see, People v Millan,* 69 NY2d 514; *cf., People v Wesley,* 73 NY2d 351; *People v Rada,* 141 Misc 2d 218, 220-224; *see also, People v Hicks,* 138 AD2d 519; *People v Martin,* 135 AD2d 355). We note, however, that pursuant to the Court of Appeals recent determination in *People v Wesley (supra),* the defendant was properly denied standing to challenge the seizure of the weapon and drug paraphernalia, inasmuch as there exists no statutory presumption with respect to the possession of these objects, and the defendant otherwise failed to establish the requisite privacy interest in the premises where the contraband was seized *(cf., People v Wesley, supra).*

While ordinarily a hearing would be directed on the issue of the validity of the warrant *(cf., People v Millan,* 69 NY2d 514, *supra),* a remittal for this reason is not necessary since the suppression hearing encompassed the issue of the validity of the warrant. Therefore, in light of the hearing court's finding that the search warrant was invalid, that branch of the defendant's omnibus motion which was to suppress evidence of the narcotics is granted, the defendant's plea is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.