OPINION OF THE COURT
Phylis Skloot Bamberger, J.
In this case the five defendants were charged with various narcotics and weapons violations: criminal possession of a controlled substance in the first, second, third and fourth degrees; criminal sale of a controlled substance in the first and third degrees; criminal use of drug paraphernalia in the second degree; criminal possession of marihuana in the fifth degree; and criminal possession of a weapon in the fourth degree. The defendants sought by motion to controvert a search warrant and to suppress cocaine, crack, marihuana and items used to package crack, and a gun obtained from the first floor of a building at 413 East 179th Street. The defendants claimed that the affidavit used to apply for the warrant failed to provide probable cause to believe that contraband would be found on the first floor, and that there was no probable cause to believe that illegal activity was going on in the building. In several colloquies with counsel the court raised the issue of the defendants’ standing to controvert the warrant and to challenge the search and seizure. The court also raised the issue of whether, should the warrant be found invalid, the seizure might be justified on some other theory. Police Officer Daniel Berry and defense witness Anthony Lloyd testified at the hearing.
This court concludes that the statutory room presumption gives the defendants standing to challenge the entry into the building and the subsequent search, seizures and arrests based on a claim of lack of probable cause. This court finds there was probable cause to enter the building, search the first floor, and arrest the defendants. Because the search warrant used to enter the building was invalid and the area searched was not shown to be the residence of any of the defendants, this case requires resolution of an issue of first impression: whether the statutory room presumption, alone and without the presence of a legitimate expectation of privacy, provides standing to challenge a warrantless but otherwise legal entry into a building and the arrest and seizures which followed. This court holds that the room presumption does not give standing to challenge the police conduct based on the absence of a valid *230 warrant. Consequently the entry, arrests, search and seizures without a valid warrant were valid.*
A. The Defendants Had Standing to Challenge As Without Probable Cause the Police Entry Into the First Floor and the Subsequent Arrests and Seizures of Contraband
Each defendant has standing to challenge the validity of the entry into the building and the subsequent arrests and seizures because the room presumption of Penal Law § 220.25 (2) applies to each defendant. The statutory room presumption permits a presumption of knowing possession by each person in close proximity to a narcotic drug, in open view in a room which is not a public place under circumstances evincing an intent to prepare the drug for sale. The presumption also applies to a person who has just left a room in which the drugs are located, or who was in or seen leaving an adjacent room. (People v Daniels, 37 NY2d 624 [1975]; People v Alexander, 152 AD2d 587 [2d Dept], lv denied 74 NY2d 804 [1989]; People v Frazier, 138 AD2d 401 [2d Dept], lv denied 72 NY2d 859 [1988]; People v Massene, 137 AD2d 624 [2d Dept], lv denied 71 NY2d 899 [1988]; People v Hylton, 125 AD2d 409 [2d Dept 1986], lv denied 69 NY2d 881 [1987]; People v Staley, 123 AD2d 407 [2d Dept], lv denied 68 NY2d 1004 [1986]; People v Chandler, 121 AD2d 644 [2d Dept], lv denied 68 NY2d 913 [1986].) Each factor necessary for application of the presumption has been shown to exist here.
The premises searched was not a public area. The first floor consisted of a front door which opened into a hallway. The hallway had three rooms on its left side. At its back end, the hallway opened into a kitchen. Off the kitchen was a fourth room. The confidential informer advised Police Officer Berry that defendant Dennis was the lessee of the first floor although the owner of the building was someone else. Each of the rooms off the hallway was rented to someone other than Dennis. Anthony Lloyd testified he lived on the second floor, but had never been on the first floor except in the entryway to the staircase. This was not an area to which the general public had access although other evidence shows that people dealing with Dennis were in and out of the first floor.
Each defendant was found in close proximity to the drugs. When the police entered the building, they found Dennis in *231 the third bedroom off the hallway, the one just before the kitchen. Scretchen and Jefferson were in the bedroom off the kitchen, and Williams was in the hallway. Swann was seen walking up the street following the undercover officer who had left the building. Although there is no direct evidence of Swann’s presence on the first floor, it is a logical inference from all the evidence. He followed the undercover officer from the building up the street so that he either had to have seen that the undercover officer was in the building, or had been told by the others, who were in the building during the events, to follow him.
Quantities of drugs and other drug paraphernalia were found in open view. A plate of crack was on the kitchen table. In the bedroom adjoining the kitchen, five large bags of cocaine were found on the bed, a large quantity of crack and marihuana was found on top of the dresser, cocaine and drug paraphernalia were also found. Each defendant was or had been within minutes of the seizure in close proximity to the drugs.
The statutory room presumption can be used against the defendants both to establish probable cause to arrest and to prove guilt of the crimes charged. Accordingly, this court concludes that under People v Millan (69 NY2d 514 [1987]) and People v Wesley (73 NY2d 351 [1989]), the presumption gives the defendants standing, with the exception set out below, to challenge the police conduct. In Millón the Court of Appeals examined the automobile statutory presumption which created a rebuttable presumption of possession by all people in an automobile of a gun found in the vehicle. The court wrote (supra, at 519) "We hold simply that the People may not predicate defendant’s guilt solely on the constructive possession of the weapon attributed to him as a passenger in the cab based on the presumption * * * and simultaneously deprive him of the right to challenge the search.” In Wesley (supra, at 361, 362), the court again dealing with an automobile presumption, explained the presumption allows a prima facie case to be established by a single circumstance, it "form[s] the sole basis for conviction.” The room presumption authorizes conviction on the same basis as the automobile presumption. Consequently the unfairness condemned in Millón would also exist if standing were denied in a case involving the room presumption. (See, People v Castillo, NYLJ, July 7,1989, at 24, col 2 [Sup Ct, NY County].)
The distinguishing feature between the two presumptions is *232 that the gun in the automobile need not be in plain view, but the drugs in the room must be observable. This difference, however, does not result in a variation in the grant of standing. Rather, the difference is relevant only to the arguments the defendant may make to the trier of fact to rebut the presumption.
In this case, the prosecution may choose ultimately not to rely solely upon the presumption to establish guilt, at least as to some of the defendants. Nonetheless, that should not preclude standing. Berry testified he arrested at least some of the defendants because of their proximity to drugs. The presumption was used by this court to establish probable cause for arrest of all defendants, although as to Dennis and Swann there were also other grounds. Even if a trial is to come in the future, the precise use of the presumption by the prosecutor is unknown, but reasonably likely.
B. The Entry Into the Building Was Based on Probable Cause and the Police Conduct Was Legal
Based on both the testimony given at the hearing and the information in the affidavit in support of the warrant which came from undercover police officers, there was probable cause to believe that on June 23, 1988, narcotic drugs were present on the first floor of the building and that Dennis would be present at that location.
C. The Defendants Had No Interest Which Required the Protection of a Warrant and Therefore No Standing tó Challenge the Entry on the Ground that the Warrant Was Invalid
The defendants, by way of motions to quash and suppress, claim they were entitled to the protection of a warrant, a level of protection above that assured by application of the probable cause standard. Although People v Stewart (153 AD2d 597 [2d Dept 1989]) appears to hold that standing based on the presumption authorizes a challenge to a warrant, that issue was not presented to the Appellate Division. The Stewart briefs were prepared before Wesley (supra) decided that a prosecution based on constructive possession did not give rise to standing to challenge a search. In a short post-Wesley addendum to their brief, the People argued that Stewart did not have standing because constructive possession was the basis for the prosecution and Wesley precluded standing. The State also argued that the absence of a legitimate expectation of privacy required a denial of standing. In Stewart the People *233 did not argue that the room presumption did not provide standing to challenge a warrant. Accordingly, the scope of a room presumption standing was not before the Appellate Division and this is a case of first impression.
This court determines that the warrant was invalid because the affidavit did not set out the basis for believing the drugs were on the first floor of a multiresident two-story building. This court also finds that the area searched was not the residence of any of the defendants and that the defendants could not claim the protection of a warrant based on a privacy interest. Accordingly, the analysis is necessary of whether the room presumption gives standing to challenge police conduct which is based on probable cause but which is carried out without a warrant. The examination begins with the standing principles in the more traditional privacy context.
The New York Court of Appeals, adopting the analysis of Rakas v Illinois (439 US 128 [1978]), has held that a defendant has standing to challenge a search of a place and a subsequent seizure or arrest only if the defendant has a legitimate expectation of privacy in the premises searched. The Fourth Amendment substantive law principle is that only a person with a legitimate expectation of privacy may claim protection of the Fourth Amendment. To protect the expectation, standing to challenge an intrusion into the premises is granted, but the standing is only as broad as the interest protected. (People v Wesley, 73 NY2d 351, 357, supra; People v Reynolds, 71 NY2d 552, 557 [1988]; People v Rodriguez, 69 NY2d 159 [1987]; People v Ponder, 54 NY2d 160, 165 [1981].)
Certain expectations of privacy are protected against intrusion by a warrant that is issued on probable cause. Thus, a search warrant issued on the appropriate probable cause standard (see, Camara v Municipal Ct., 387 US 523, 538-539 [1967]) presented to a neutral officer is needed to intrude on a private telephone (Katz v United States, 389 US 347 [1967]); private commercial premises not open to the public (See v City of Seattle, 387 US 541, 545 [1967]); a private, even if shared, office (Mancusi v DeForte, 392 US 364 [1968]); a motel room (People v Ali, 131 AD2d 857 [2d Dept 1987]); and a home (Camara v Municipal Ct., supra). An arrest warrant issued on a showing of probable cause is needed to intrude into a home to make an arrest of a resident. (Payton v New York, 445 US 573 [1980]; People v Lewis, 94 AD2d 44, 51 [1st Dept 1983].)
Warrants are used to protect those legitimate expectations *234 of privacy deemed so significant that not only is probable cause required, but a Magistrate is interposed to determine in advance of the intrusion that probable cause exists. The most eloquent of judicial pronouncements about such expectations concern the home. " 'The right of officers to thrust themselves into a home is also a grave concern, not only to the individual but to a society which chooses to dwell in reasonable security and freedom from surveillance. When the right of privacy must reasonably yield to the right of search is, as a rule to be decided by a [neutral Magistrate], not by a policeman or government enforcement agent.’ ” (Camara v Municipal Ct., supra, at 529, quoting from Johnson v United States, 333 US 10, 14 [1948].) The unsupervised conduct of a government official entering a home "is precisely the discretion to invade private property which we have consistently circumscribed by a requirement that a disinterested party warrant the need to search.” (Camara v Municipal Ct., supra, at 532-533.) In Payton (supra, 445 US, at 585-586) the court wrote: "the 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.’ * * * And we have long adhered to the view that the warrant procedure minimizes the danger of needless intrusions of that sort.” The Supreme Court found the warrant will "interpose the magistrate’s determination of probable cause between the zealous officer and the citizen.” (445 US, at 602.) This was essential to protect the privacy zone "bounded by the unambiguous physical dimensions of an individual’s home” (supra, at 589).
It follows that those who have an expectation of privacy protected by a warrant, have standing to challenge the validity of a warrant or a search and seizure made without one. The standing to allow a challenge to a warrantless intrusion or an intrusion based on an invalid warrant is limited to those with the special expectation of privacy.
Most intrusions upon expectations of privacy are permissible based on probable cause without a warrant. Even the most severe intrusion upon the person, an arrest, need not be made with a warrant and may be based on probable cause alone, unless the person is in a protected place. (United States v Watson, 423 US 411 [1976]; People v Belton, 50 NY2d 447, 450 [1980], revd on other grounds 453 US 454 [1981]; CPL 140.10 [1].) No warrant is needed to arrest if the person is in someone else’s home or in a place in which he did not live or reside at least temporarily, even if he is legitimately present on the premises. (See, e.g., People v Wesley, 73 NY2d 351, supra; *235 People v Rodriguez, 69 NY2d 159, 165, supra; People v Ponder, 54 NY2d 160, supra; People v Lewis, 151 AD2d 784 [2d Dept 1989]; People v McGaha, 144 AD2d 388 [2d Dept 1988]; People v Timmons, 139 AD2d 544 [2d Dept], lv denied 71 NY2d 1034 [1988]; People v Watkins, 121 AD2d 583 [2d Dept], lv denied 68 NY2d 918 [1986]; People v Phillips, 118 AD2d 600, 601 [2d Dept], lv denied 67 NY2d 948 [1986]; People v Farinaro, 110 AD2d 653, 655 [2d Dept 1985]; People v De Moss, 106 AD2d 395 [2d Dept 1984]; People v Lee, 83 AD2d 311, 312 [1st Dept 1981], affd 58 NY2d 771 [1982], cert denied 460 US 1044 [1983].) No warrant to arrest is needed if the person leaves his home even at the suggestion or instigation of the police (People v Minley, 68 NY2d 952 [1986]; People v Anderson, 146 AD2d 638 [2d Dept], lv denied 74 NY2d 660 [1989]), even if he merely steps onto the threshold (People v Nonni, 141 AD2d 862 [2d Dept], lv denied 72 NY2d 960 [1988]; see, United States v Santana, 427 US 38 [1976]), or to an adjoining hallway that is a common area (People v Proctor, 151 AD2d 788 [2d Dept 1989]; People v Roe, 136 AD2d 140 [3d Dept 1988], affd 73 NY2d 1004 [1989]; People v Richardson, 137 AD2d 105 [3d Dept 1988]).
Intrusions on the person constituting less than an arrest are based on reasonableness, balancing the level of intrusion against the amount of information of criminal activity (People v De Bour, 40 NY2d 210, 223 [1976]) or the interest of the State. (See, e.g., People v Luna, 73 NY2d 173 [1989] [border search]; Matter of Caruso v Ward, 72 NY2d 432 [1988] [drug testing]; Matter of Patchogue-Medford Congress of Teachers v Board of Educ., 70 NY2d 57 [1987]; People v Scott, 63 NY2d 518 [1984] [roadblocks].) In these cases, the standing allows a challenge based on the absence of probable cause or another appropriate standard. No challenge based on the absence of a warrant is meritorious.
The principle derived from this analysis is that a permissible challenge to an intrusion, the standing, can be no broader than the interest protected. The interest protected by standing based on the room presumption is not privacy but the fairness of the trial, particularly in the method by which the People are permitted to prove guilt. (People v Wesley, supra, at 360, 361-362.) Where a presumption applies, "we have held that a defendant has a right to challenge the legality of the search regardless of whether he or she is otherwise able to assert a cognizable Fourth Amendment interest. We reasoned that fundamental tenants of fairness require that a defendant *236 charged with possession under the statutory presumption be given an opportunity to contest the search * * *. However, we made clear in Millan that this exception was in no way inconsistent with Ponder, which remains the law” (People v Wesley, supra, at 360; People v Millan, 69 NY2d 514, 519-520 [1987], supra). The fairness of the trial so important in Millan and Wesley is protected if the police conduct meets the constitutional probable cause standard, needed for all searches and seizures, including arrests, whether conducted with or without a warrant. The defendant against whom the room presumption applies has no interest in a preintrusion adjudication and a warrant because the interest that is of concern is the fairness of the trial. That interest is protected if a Judge rules prior to trial whether the police conduct was constitutional and justified by probable cause and whether evidence was obtained without executive overreaching. The fairness of the trial is not diminished if the neutral judicial officer does not make that determination before the search and seizure. Applying the principle of Ponder (54 NY2d 160, supra) that standing is commensurate with the interest to be protected, this court concludes that the issue of the fairness of the trial created by use of the room presumption generates standing to challenge a search and seizure based on a claim of lack of probable cause, but not the absence of a warrant. Such a conclusion allows the maximum reconciliation of Ponder and Millan (supra) as directed by the Court of Appeals.
The motion to suppress is denied. There was probable cause to enter, seize and arrest. There was no basis for the claim that a warrant was needed.
[Portions of opinion omitted for purposes of publication.]

 The court found the entry into the building without a valid warrant was also justified because exigent circumstances were present. Discussion of this issue is not set out in this version of the opinion.