■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SCOTT, Appellant. [653 NYS2d 309] —Judgments, Supreme Court, Bronx County (Steven Barrett, J.), rendered October 26, 1989 and April 4, 1990, convicting defendant, after jury trials, of a total of five counts of rape in the first degree, four counts of robbery in the first degree, two counts of sodomy in the first degree, one count of attempted robbery in the first degree, and eight counts of sexual abuse in the first degree, and sentencing him, as a second felony offender, to five consecutive terms of $12^1/_2$ to 25 years on the rape convictions to run concurrently with lesser sentences imposed on the other convictions, unanimously affirmed.

The court properly denied defendant's request for dismissal or other sanctions requested by defendant for the failure of the police to preserve the Vitullo kits, containing physical evidence taken from his victims. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." (*Arizona v Youngblood*, 488 US 51, 58; *see also, People v Allgood*, 70 NY2d 812.) The court's finding, after a lengthy hearing, that there was no showing of bad faith is amply supported by the record, which establishes that the destruction was inadvertent. The appropriate sanction for the destruction of evidence is left to the sound discretion of the court (*People v Kelly*, 62 NY2d 516, 521). The court's ruling, denying dismissal or an adverse inference charge, and precluding any mention of the creation of the kits, constituted a sound exercise of discretion under the circumstances present here (*see, People v Austin*, 152 AD2d 590). We have considered defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.