■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMOND S. WINCHELL, Appellant. [673 NYS2d 474] —Peters, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered September 4, 1996, upon a verdict convicting defendant of the crimes of assault in the first degree, burglary in the second degree, burglary in the first degree and criminal possession of a weapon in the third degree.

On February 24, 1996 defendant, separated from his wife, Donna Winchell, consumed approximately two dozen 12-ounce cans of beer throughout the day. At approximately 8:00 P.M., after placing two steak knives into his jacket pocket, he walked to Mitchell's apartment,* entering with a key acquired from his daughter.

Upon her return from work, Winchell saw defendant through her window just prior to entering, causing her to run downstairs for help while defendant followed. He grabbed her and began to stab her with a knife. Although she was able to take the first knife away, he used the second knife to continue his attack until a stranger intervened and pulled him away.

Defendant returned to his apartment where, after communicating with the local police, he surrendered and was placed in custody. At the police station, defendant willingly answered questions about the incident after receiving his *Miranda* warnings. With responses keyboarded by an investigator on a laptop computer, a statement, two pages in length detailing the events leading up to the attack upon Winchell, was generated and ultimately signed by defendant. Therein, defendant admitted to, *inter alia*, obtaining a key to the apartment from his daughter, entering therein with two knives with the knowledge that he had no right to be there and fully intending to injure his wife. Upon a search of his apartment, police discovered, *inter alia*, suicide notes.

A *Huntley/Mapp* hearing was held in which defendant unsuccessfully sought to suppress the *Miranda* waiver he signed, his confession, the tape recording of the police investigator reading the confession back to him as well as the items removed from his apartment upon the ground that he lacked the capacity to execute a valid waiver or consent due to his intoxication. Upon a jury verdict convicting him of all the charged crimes except attempted murder in the second degree, defendant was sentenced as a persistent felony offender to a term of incarceration. He appeals.

---

* Notably, the residence in which defendant's wife lived had not been one that he had shared with her.

Defendant contends that police investigators were obligated to preserve evidence which might have been useful to his defense and that their failure to perform an alco-sensor, breathalyzer or blood sample test hindered such efforts, thereby denying him due process of law. While evidence of intoxication may be presented to negate an element of the crime charged (*see*, Penal Law § 15.25), police are not obligated to retain, preserve or acquire all materials which might be of evidentiary significance in a particular case (*see*, *Arizona v Youngblood*, 488 US 51). "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law" (*id.*, at 58; *see*, *People v Conroy*, 34 NY2d 917; *People v Scott*, 235 AD2d 317, *lv denied* 90 NY2d 943; *People v Callendar*, 207 AD2d 900, *lv denied* 84 NY2d 1029; *People v Harris*, 163 AD2d 898, *lv denied* 76 NY2d 893).

Critically important here was the fact that defendant was not arrested for any intoxication-related offense, thereby relieving any investigative obligation to scientifically determine his blood alcohol content. Under the requisite "bad faith" analysis, no denial of due process can be predicated upon a failure of police agencies to acquire evidence deemed unnecessary to their prosecution. Since the evidence proffered both at the *Huntley* hearing and at trial support County Court's determination that defendant was not intoxicated either at the time he received his *Miranda* warnings, when he consented to the search of his apartment, or when he confessed to the crimes charged (*see*, *People v Jones*, 240 AD2d 950, *lv denied* 91 NY2d 875), we find no error.

Further lacking in merit is defendant's contention that the trial evidence was legally insufficient to establish that his entry to Winchell's apartment was with knowledge that he had no license to do so or that he intended to commit a crime therein. Defendant's admissions to police investigators coupled with his conduct enable us to conclude that the jury could have determined, beyond a reasonable doubt, that defendant committed the crimes charged (*see*, *People v Walton*, 214 AD2d 805, *lv denied* 86 NY2d 785; *People v Powers*, 138 AD2d 806). In so finding, we need not revisit the question, settled by the Court of Appeals in *People v Mackey* (49 NY2d 274), that the prosecution is not required to establish the particular crime the intruder intended to commit to secure a conviction for burglary.

After having examined defendant's remaining contentions and finding them lacking in merit, we affirm County Court's judgment in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.