■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VANDYNE, SR., Appellant. [881 NYS2d 268]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered June 7, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), murder in the second degree (§ 125.25 [3]) and robbery in the first degree (§ 160.15 [2]), defendant contends that his warrantless arrest was illegal. We reject that contention. It is well settled that "the Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment . . . , prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest" (*Payton v New York*, 445 US 573, 576 [1980]; *see People v Levan*, 62 NY2d 139, 144 [1984]). Contrary to the contention of defendant, we conclude that the unlocked storage cubicle in which he was arrested did not constitute his "home." The storage cubicle was located in the basement of an apartment building where defendant had previously resided. After being given a three-day no-

tice with respect to his failure to pay rent, defendant voluntarily vacated his apartment and turned in his keys, evincing an intent to terminate the lease rather than face additional charges based on his nonpayment of rent. Thus, although the lease had not expired at the time of the arrest, defendant no longer had a reasonable expectation of privacy in the apartment or any storage cubicles based on the lease (*see e.g. People v Bradley*, 17 AD3d 1050, 1051 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Sapp*, 280 AD2d 906 [2001], *lv denied* 96 NY2d 834 [2001]; *People v Orlando*, 223 AD2d 927 [1996], *lv denied* 88 NY2d 851 [1996]).

We reject the further contention of defendant that he had made the storage cubicle in which he was arrested into his "makeshift bedroom" and thus had a reasonable expectation of privacy there (*see People v Phillips*, 118 AD2d 600, 601 [1986], *lv denied* 67 NY2d 948 [1986]; *see also People v Williams*, 180 AD2d 703 [1992]; *People v Williams*, 100 AD2d 602 [1984]). Indeed, the record establishes that defendant was arrested in a storage cubicle that had not been assigned to him and was accessible to all tenants in the apartment building (*see generally People v Allen*, 54 AD3d 868, 869 [2008], *lv denied* 11 NY3d 922 [2009]).

Viewing the evidence in light of the elements of murder in the first degree as charged to the jury (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict on that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Inasmuch as the evidence supports the determination that defendant committed the murder "in furtherance of robbery" (Penal Law § 125.27 [1] [a] [vii]), it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (*Bleakley*, 69 NY2d at 495). Although we agree with defendant that a gratuitous reference to religion by a prosecution witness was improper, the jury was instructed to disregard that reference, and "[t]he jury is presumed to have followed [that] instruction . . . , thereby alleviating any prejudice to defendant" (*People v Young*, 55 AD3d 1234, 1236 [2008], *lv denied* 11 NY3d 901 [2008]). In any event, we conclude that the error is harmless (*see People v Johnson*, 3 AD3d 581 [2004], *lv denied* 2 NY3d 763 [2004]; *see also People v Dat Pham*, 283 AD2d 952 [2001], *lv denied* 96 NY2d 900 [2001]; *cf. People v Benedetto*, 294 AD2d 958 [2002]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

As the People correctly concede, however, that part of the judgment convicting defendant of murder in the second degree

must be reversed and count two of the indictment dismissed inasmuch as second degree felony murder is a lesser included offense of first degree intentional felony murder (*see* CPL 300.40 [3] [b]; *People v Santiago*, 41 AD3d 1172, 1175 [2007], *lv denied* 9 NY3d 964 [2007]). We therefore modify the judgment accordingly. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.