Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 6, 2007, convicting defendant, upon his plea of guilty, of assault in the first degree as a hate crime, and sentencing him to a term of 17 years, unanimously affirmed.
In exchange for defendant’s plea, the court promised to impose a sentence of 15 years, and defendant signed a waiver of his appellate rights in conjunction with the plea. The waiver explicitly covered any excessive sentence claim. As part of his plea allocution, defendant was advised that his sentence could be increased up to the maximum of 25 years if he committed any crime between the plea and sentencing.
Before sentencing, the court conducted a hearing into an allegation that shortly after the plea, defendant committed the crime of promoting prison contraband by possessing a toothbrush with a sharpened handle in his cell. The sentencing court found, by a preponderance of the evidence, that defendant committed the crime of promoting prison contraband and sentenced him to a term of 17 years.
The court’s finding that defendant committed a new crime between his plea and sentence was fully supported by the evidence at the hearing. Captain Manuel Olivari testified that he was summoned to defendant’s cell and asked to search defendant because the warden believed that defendant had hidden something which could be a weapon under the mattress. Captain Olivari did not actually take part in the search because defendant had to be removed after he was involved in a struggle with some officers. Captain Michael Morales, a long-term employee of the Department of Correction, testified that he was instructed by a deputy warden to search defendant’s cell. He was present when Officer Escalona conducted the search and he actually saw Officer Escalona recover a toothbrush from under the mattress. The toothbrush was sharpened at the end. No one else occupied the cell with defendant. Captain Morales was present when a photograph of the sharpened toothbrush was taken and he also was present when a photocopy of the picture was made. That photocopy was introduced at the hearing. Defendant did not testify or present any witnesses at the hearing. As a result of this incident, defendant was indicted in the Bronx for promoting prison contraband.
*464 The sentencing court, which had an opportunity to observe the correction witnesses, found them credible, and no basis exists in the record to set that finding aside. The record does not show the witnesses had any particular bias against defendant. Defendant did not argue that the sharpened toothbrush was not contraband. Although defendant focuses on the fact that the toothbrush was not introduced at the hearing, this was not required.* Captain Morales was present when it was recovered and he identified the photograph of the contraband. The item is described on the form introduced at the hearing as a “6 inch sharpened plastic toothbruch [sic]” and it is apparent from the photograph that the toothbrush has a sharp point at the end. This unrefuted evidence was more than sufficient for the sentencing court to find that defendant possessed contraband.
Similarly, the sentencing court’s finding should not be set aside merely because a videotape made by the Department of Correction was not produced at the hearing. The prosecutor, at the hearing, noted that he had been apprised that the videotape may have only shown the area outside the cell, not inside the cell where the contraband was recovered. In any event, it is apparent that the videotape was not in the prosecution’s possession and that the prosecution had not been involved in any erasure of the tape. If the tape was erased by the Department of Correction, no adverse inference or other sanction was appropriate in this case (see People v Allgood, 70 NY2d 812 [1987] [inadvertent destruction of rape kit provides no basis for reversal]).
Defendant also focuses on the fact that a hearing captain in the Department of Correction determined that defendant had not violated department rules in this incident. The hearing captain was not called as a witness and no transcript was produced. Thus, we can only speculate as to the basis for that ruling. In any event, the sentencing court was not bound by that decision and could reach its own conclusion based on the evidence before it. The argument that the court did not have a reliable basis for its determination is difficult to understand because it seems to ignore the testimony of Captain Morales, while speculating about evidence that was not before the sentencing court. Here, the court, based on a preponderance of the evidence standard, had more than a legitimate basis for its ruling, and its enhancement of the sentence should be upheld.
Defendant’s excessive sentence claim is foreclosed by his valid waiver of appeal. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.

 At the hearing, the prosecutor apprised the court that the toothbrush had been vouchered in the Bronx District Attorney’s office and he had given defense counsel a copy of the voucher.