■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWON OWENS, Appellant. [911 NYS2d 525]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 10, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of incarceration of 25 years to life imprisonment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "There was sufficient evidence from which a rational trier of fact could have found that the defendant, with the intent to kill, shot the victim once, causing a wound [that] contributed to his death, during the course of, and in furtherance of, [an attempted] robbery" (*People v Harrell*, 5 AD3d 503, 504 [2004], *lv denied* 3 NY3d 641 [2004]; *see People v Garcia*, 45 AD3d 859 [2007], *lv denied* 10 NY3d 765 [2008]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see People v VanDyne*, 63 AD3d 1681, 1682 [2009], *lv denied* 14 NY3d 845 [2010]; *see generally Bleakley*, 69 NY2d at 495). Contrary to the contention of defendant, County Court properly refused to suppress his statement to the police. The record belies the contention of defendant that his statement was the product of coercive interrogation techniques that created a substantial risk that he might falsely incriminate himself and thus rendered his statement involuntary (*see* CPL 60.45 [1], [2] [b] [i]; *People v Jacques*, 158 AD2d 949 [1990], *lv denied* 75 NY2d 967 [1990]). We agree with defendant, however, that the sentence of life imprisonment without parole is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence to an indeterminate term of incarceration of 25 years to life imprisonment. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.