judgment of the Wayne County Court (John B. Nesbitt, J.), rendered August 27, 2009. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of grand larceny in the third degree (Penal Law former § 155.35), defendant contends that County Court erred in failing to conduct a restitution hearing. Defendant failed to preserve that contention for our review "inasmuch as he failed to object to the amount of restitution at sentencing or to request a hearing with respect thereto" (*People v Jorge N.T.*, 70 AD3d 1456, 1457 [2010], *lv denied* 14 NY3d 889 [2010]; *see People v Marvin*, 68 AD3d 1729 [2009], *lv denied* 14 NY3d 842 [2010]). Furthermore, defendant waived that contention because he expressly consented to the amount of restitution imposed (*see People v Brown*, 70 AD3d 1378 [2010]; *People v Vogel*, 20 AD3d 865 [2005], *appeal dismissed* 6 NY3d 728 [2005]). The sentence is not unduly harsh or severe. Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN BONNER, JR., Appellant. [913 NYS2d 465]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 13, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that Supreme Court failed to comply with CPL 310.30 and the procedures outlined in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) in responding to a second note from the jury during its deliberations. Although defendant correctly concedes that he failed to preserve that contention for our review (*see* CPL 470.05 [2]), he nevertheless contends that the court's alleged error, which involved failing to advise the attorneys of the contents of the note before summoning the jurors to the courtroom so as to respond to the note, is a mode of proceedings error for which preservation is

not required (*see generally People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]). We reject that contention. Where, as here, the court fulfills its "core responsibility" under CPL 310.30 by marking the note as a court exhibit and summarizing its contents on the record in open court before responding to it, preservation is required (*People v Kisoon*, 8 NY3d 129, 135 [2007]; *see People v Starling*, 85 NY2d 509, 516 [1995]; *People v Samuels*, 24 AD3d 1287 [2005], *lv denied* 7 NY3d 817 [2006]). Under the circumstances of this case, we decline to exercise our power to address defendant's contention concerning the court's response to the second jury note as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant was not in possession of the victim's stolen property when he was arrested shortly after the robbery, the victim testified that her purse was taken by the other robber, who was not apprehended, and defendant possessed an unusual knife that matched the description of the knife used in the robbery. The victim also identified defendant in a showup identification procedure and at trial as the person who put the knife to her throat, and defendant admitted that he lived on the same street where the robbery occurred, within approximately 500 feet thereof. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that the jury did not "fail[ ] to give the evidence the weight it should be accorded" (*id.*; *see People v VanDyne*, 63 AD3d 1681 [2009], *lv denied* 14 NY3d 845 [2010]).

Finally, in view of defendant's prior felony conviction and the fact that defendant could have been sentenced to a term of imprisonment of up to 25 years, we conclude that the term of imprisonment of 10 years imposed by the court is not unduly harsh or severe. Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.