# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1367**

**KA 09-00932**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V            MEMORANDUM AND ORDER

ROOSEVELT COLLINS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 27, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, grand larceny in the fourth degree and petit larceny (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), defendant contends that Supreme Court erred in refusing to suppress statements he made at a police station. Specifically, defendant contends that the statements should have been suppressed because he was de facto arrested without probable cause and because the statements were coerced based, inter alia, on the length of the interrogation. We reject those contentions.

We agree with defendant that the actions of the officers at the time they took him into custody amounted to an arrest (*see People v Leon*, 23 AD3d 1110, 1111-1112, *lv denied* 6 NY3d 755; *see generally People v Brnja*, 50 NY2d 366, 372). Contrary to defendant's further contention, however, the police had " 'information to support a reasonable belief that an offense has been . . . committed' by" defendant (*People v Shulman*, 6 NY3d 1, 25, *cert denied* 547 US 1043, quoting *People v Bigelow*, 66 NY2d 417, 423), and thus had probable cause to arrest him.

With respect to defendant's contention that his statements were coerced, we note at the outset that, although this Court recently affirmed a judgment of conviction resulting from a 49-hour police interrogation on the ground that there was a pronounced break in the

interrogation that dissipated any taint, we nevertheless wrote that "the length of the interrogation was unparalleled and should in no way be condoned" (*People v Guilford*, 96 AD3d 1375, 1376-1377). Here, although the length of the interrogation exceeded 60 hours, the suppression court properly suppressed as involuntary all of the statements defendant made after he had been in custody for 15 hours. Contrary to defendant's contention, however, his statements made during the first 15 hours of interrogation were not involuntary due to police coercion. "To determine voluntariness, courts review all of the surrounding circumstances to see whether the defendant's will has been overborne" (*People v Mateo*, 2 NY3d 383, 413, *cert denied* 542 US 946), and that 15-hour length of time does not by itself render the statements involuntary (*see People v McWilliams*, 48 AD3d 1266, 1267, *lv denied* 10 NY3d 961; *People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892; *People v Whorley*, 286 AD2d 858, 858-859, *lv denied* 97 NY2d 689; *see generally People v Tarsia*, 50 NY2d 1, 12-13). In view of the totality of the circumstances surrounding the statements made during the 15-hour period, e.g., that defendant was given short breaks, food, drinks, cigarettes and bathroom breaks during that period of interrogation, we conclude that those statements were not rendered involuntary by reason of any alleged coercion by the police (*see People v Kirk*, 96 AD3d 1354, 1357, *lv denied* 20 NY3d 1012; *People v Ellis*, 73 AD3d 1433, 1434, *lv denied* 15 NY3d 851; *People v Sylvester*, 15 AD3d 934, 935, *lv denied* 4 NY3d 836).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's guilt "was established by a compelling chain of circumstantial evidence" establishing all of the elements of the crimes of which he was convicted (*People v Brown*, 92 AD3d 1216, 1217, *lv denied* 18 NY3d 992).

Defendant further contends that the court abused its discretion in refusing to sanction the People for their untimely disclosure of a videotape. Contrary to the People's contention, the record establishes that this issue is preserved for our review; the court "was aware of, and expressly decided, the [issue] raised on appeal" (*People v Hawkins*, 11 NY3d 484, 493). Defendant failed to establish, however, that he was surprised or prejudiced by the late disclosure, and thus the court did not abuse its discretion in concluding that no sanction was warranted (*see generally People v Jenkins*, 98 NY2d 280, 284; *People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916).

We also reject defendant's contention that the court abused its discretion in refusing to impose a sanction for the "consumption," during DNA testing, of hair found at the crime scene (*see generally People v Kelly*, 62 NY2d 516, 520-521; *People v Scott*, 235 AD2d 317, *lv denied* 90 NY2d 943). In the absence of a showing of bad faith on the part of the police, the "failure to preserve potentially useful evidence does not constitute a denial of due process of law" (*Arizona v Youngblood*, 488 US 51, 58, *reh denied* 488 US 1051; *see People v*

*Winchell*, 250 AD2d 942, 943, *lv denied* 92 NY2d 931; *People v Callendar*, 207 AD2d 900, 900-901, *lv denied* 84 NY2d 1029).  Here, the People established that the samples were necessarily destroyed as part of routine testing procedures, and thus the court did not abuse its discretion in denying defendant's request for a sanction.

Finally, we conclude that the sentence of life without parole for the murder conviction is not unduly harsh or severe (*see People v Ojo*, 43 AD3d 1367, 1368, *lv denied* 10 NY3d 769, *reconsideration denied* 11 NY3d 792; *cf. People v Owens*, 78 AD3d 1509, *lv denied* 16 NY3d 834).