## Case No. 15,024.

### UNITED STATES v. EDDY.

[1 Biss. 227.] [1]

District Court, N. D. Illinois. Jan. Term, 1858.

POST OFFICE—INDICTMENT FOR OPENING LETTER —LETTERS OF CRIMINALS—CONFLICT OF LAWS.

1. A letter once placed in the postoffice is in the custody of the law, and no one except the writer and the person to whom it is directed, or some one authorized by him, has the right while it is there to open it for the mere purpose of ascertaining its contents.

[Cited in U. S. v. McCready, 11 Fed. 231.]

2. Neither postmasters nor other officers have any authority to open it under the pretext that there might be something improper or even criminal therein.

3. The letter of a criminal is under the full protection of the law. The violation by a criminal of an agreement that the sheriff was to inspect all letters written by him before they left the jail, would not authorize the sheriff to open a letter after it was in the postoffice. Nothing but his consent in regard to that particular letter would so authorize him.

4. When a letter is placed in a postoffice it is within the legal custody of the officers or agents of the government, and while it so continues, the laws of the United States operate upon it to the exclusion of state laws.

Indictment [against John Eddy] under the twenty-second section of the act of March 3, 1825 (4 Stat. 109). That section declares: "And if any person shall take any letter or packet not containing any article of value or evidence thereof, out of a postoffice, or shall open any letter or packet which shall have been in a postoffice, or in custody of a mail-carrier, before it shall have been delivered to the person to whom it is directed, with a design to obstruct the correspondence, to pry into another's business or secrets; or shall secrete, embezzle or destroy any such mail, letter or packet, such offender upon conviction shall pay for every such offence a sum not exceeding five hundred dollars, and be imprisoned not exceeding twelve months." During the summer of 1857, a man by the name of White was arrested on a criminal charge and placed in the custody of the defendant, who at the time was sheriff of McHenry county. While in jail, White expressed a desire to write to some of his friends, asking for assistance, which the defendant said he might do, but that he, the defendant, must have the inspection of all the letters. To this White assented. Some time afterwards, White wrote a letter addressed to a person in Iowa, and gave it to a man who had called on him at the jail. The latter deposited it in the postoffice at Woodstock, and paid the postage, and the letter was duly stamped. The sheriff, being informed of this, went to the postoffice and called for the letter, and it was handed to him by the postmaster, for the reason, as he states, that he supposed that Mr. Eddy only wished to look at the direction. While the

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

letter was thus in the defendant's possession, he opened it, read it, took a memorandum of its contents, resealed it, and returned it to the postmaster, who duly mailed it. From all the facts in the case, it appeared that the defendant's motive in the act was to prevent the prisoner from having any improper communication with any one by means of the letter; and he seemed to suppose he had the right to do what he did.

DRUMMOND, District Judge (charging jury). 1. If the letter was in the postoffice in the usual way, and for the ordinary purpose for which letters are deposited, and it was opened by the defendant before its delivery to the person to whom it was addressed, with the design to pry into the business of White or ascertain his secrets, then the offence was complete.

2. When a letter is once placed in the postoffice, it is in the custody of the law, and no one except the writer or the persons to whom it is directed, or some person authorized by him, has the right while it is there to open it for the mere purpose of ascertaining its contents.

3. Neither postmasters nor postoffice agents, nor officers of any kind or grade, have any authority to open letters while in the postoffice, under the pretext that there might be something improper, or even criminal, written therein.

4. The letter of a criminal, when once placed in the postoffice, is just as much under the protection of the law, as the letter of the most honest man in the community.

5. Even if it was the agreement between White and the sheriff that the latter was to inspect all the letters written by the former before they left the jail, and White violated the agreement, still that would not authorize the sheriff to open the letter after it was in the post-office, in order to ascertain its contents. Nothing could authorize him, except the consent, expressed or implied, of White, to open the letter which was deposited in the office.

6. In this case the party who was under arrest was afterwards tried and acquitted of the charge for which he was in custody, and we are therefore to presume him innocent. But that makes no difference in the principle applicable to such a case as this. If he had been found guilty the rule would be the same.

7. There is no conflict between the laws of the United States and the laws of the state. A state officer having a prisoner in his custody may exercise a certain discretionary power over his written correspondence with others, so long as that correspondence is out of the jurisdiction or control of the post-office department, but when it is placed within the legal custody of the officers or agents of the department, and while it continues there, the laws of the United States operate on it, and not the laws of the state. In what has been said, the court refers of course to letters

while in such custody and on deposit, or in transit to the places or persons addressed, which was true of this letter.

Verdict, guilty.

The court being of opinion that the defendant had been only technically guilty, without criminal or wrongful intent, imposed a nominal penalty.

NOTE. It is an offence against this section to open a letter which has been in the postoffice before delivery to the person to whom it is directed, though the letter is not sealed, and was not at the time in the lawful custody of any person, and even though it was written by the defendant himself. U. S. v. Pond [Case No. 16,-067]. See, also, U. S. v. Tanner [Id. 16,430]; U. S. v. Parsons [Id. 16,000]; U. S. v. Marselis [Id. 15,724].