**B & M LTD., Plaintiff,**
v.
**Chalmer H. SMITH, Defendant.**
**Civ. A. C 72-64 Y.**

United States District Court,
N. D. Ohio, E. D.
July 14, 1972.

**1058**

William P. Heyne, Alliance, Ohio, for plaintiff.

Edward S. Molnar, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

### ORDER

CONTIE, District Judge.

Plaintiff brought this action in the Common Pleas Court of Stark County, alleging a right to place shopping guides upon rural mail boxes, and also that defendant Postmaster has unlawfully notified Buckeye Publishing Company that delivery of said guides is subject to postage and that postal charges shall be made accordingly. Defendant removed the cause of action to the District Court and filed a motion to dismiss, or in the alternative for summary judgment. This court grants defendant's motion to dismiss for the reasons stated below.

Volume 39 of the Code of Federal Regulations, Section 151.1(a) provides:

Every letterbox or other receptacle intended or used for the receipt or delivery of mail on any city delivery route, rural delivery route, star route, or other mail route is designated as an authorized depository for mail.

Said regulations further provide at Section 151.1(b) that:

Receptacles . . . shall be used exclusively for mail except . . .

The exceptions relating to rural boxes are found in Section 156.5(h) and provided:

. . . publishers of newspapers regularly mailed as 2d class mail may, on Sundays and national Holidays only, place copies of . . . issues in the rural and star route boxes of subscribers.

Section 151.1(b) further provides that:

Any mailable matter such as circulars . . . sale bills or other similar pieces deposited in such receptacles must bear postage at the applicable rate and a proper address.

The court considers these particular regulations relevant and controlling in the instant case.

The only question left for the court to consider is whether the actions of defendant Smith were outside the perimeter of his official authority. It is the opinion of this court that said acts were properly within the scope of his authority.

The doctrine of official immunity is a well established concept. See Barr v.

Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959). Even cases involving the element ·of malice, an issue not herein presented but considered a more serious variance from official duty than is presented in the instant case, have been protected under this doctrine. The Supreme Court has stated that:

> The fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint
> . . .

In the instant case the action of the defendant is not alleged to be malicious, and is, in the opinion of this court, within the implied scope of his authority to apply the regulations set forth by the Congress in the Code of Federal Regulations.

Plaintiff's brief in opposition to the motion to dismiss raises the issue of the deprivation of property without due process of law under the 5th Amendment of the Constitution, to wit, the government's regulation of the use of the mail boxes which have been purchased by individual residents.

The constitutionally protected right of property is not an absolute right. Such right is subject to such reasonable regulations established by law as the legislature may feel necessary. See 16 Am.Jur.2d Section 363, pp. 691, 692.

It is the firm opinion of this court that even though the mail boxes in question are purchased by the individual property owners, they are property which is properly subject to federal regulation. These regulations specifically forbid the placing of circulars, sales bills, or similar material in or upon such mail boxes without having such material bear postage. The facts illustrate that the shopping guides did not bear postage. Since these facts are uncontroverted, and since this court is of the opinion that the federal regulations do not deprive the

mail box owners nor the plaintiff of their personal property without due process of law, therefore,

It is ordered that defendant's motion to dismiss hereby be granted. Costs to plaintiff.