OPINION OF THE COURT
Marvin Segal, J.
A Mapp-Huntley hearing was held on June 9, 1987, at which time Officer Carl Lengel testified as to the following facts:
On March 19, 1987, at 1:35 a.m., Police Officer Lengel saw *551 two youths, whom he believed to be about 18 years old, approach and enter the first outer office of a gas station and then an inner office which was separated from the outer office by a wooden door. The outer office is enclosed by glass. The police officer entered the station and began to look into the work area. Police Officer Lengel saw defendant Norberg exit from the back office into the front office as Officer Lengel approached the glass office. Defendant Norberg looked at the police officer, turned, and yelled into the back office, "Stay in there and keep the door locked.” Norberg then opened up the glass door so that the police officer could enter. The defendant told Police Officer Lengel that he was manager óf the gas station and there was no one else on the premises. Norberg stated, "We’re just drinking beer.” The police officer then inquired as to whether the other two youths were old enough to drink. Norberg asked the police officer to leave the premises. Officer Lengel knocked on the door to the back room. Defendant McNally and another youth opened the door, and in plain view, within 4 to 5 feet of the officer, on a desk, the officer saw a mirror with legs rubberbanded to it with a white powder residue on it, white envelopes (the kind used for packaging drugs), a razor blade, and a green container with a screen. The police officer entered the back room, seized the items mentioned, and found a rock of cocaine on the ground. The defendants were arrested and charged with a violation of Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, a class A misdemeanor.

MAPP

This court is faced with the novel issue of whether or not an employee-manager of a commercial premises has personal standing to challenge an illegal search and seizure of the premises. The Fourth Amendment protection from unreasonable search and seizure, and its exclusionary enforcement, require personal standing to challenge the government’s actions. (People v Ponder, 54 NY2d 160 [1981].) The New York Court of Appeals held in People v Ponder (supra) that the "automatic standing” rule in search and seizure cases, established by the United States Supreme Court in Jones v United States (362 US 257 [1960]), would no longer apply in New York State. Under Jones anyone legitimately on the premises had automatic standing to challenge the legality of the search (supra, at 261). The United States Supreme Court reversed the Jones decision in Rakas v Illinois (439 US 128 [1978]). In *552 People v Rodriguez (69 NY2d 159 [1987]), the New York Court of Appeals adopted the reasonable expectation of privacy test established by the United States Supreme Court in Rakas (supra). The defendant has the burden of demonstrating factors proving that the defendant has a reasonable expectation of privacy in the premises searched. A court must determine whether a claim of privacy is reasonable in light of all the surrounding circumstances. The factors to be considered are whether the individual took precautions to maintain privacy, the manner in which the individual used the premises and whether the individual had the right to exclude others from the premises. (People v Rodriguez, supra, at 162.) "The number of times a person stays in a particular place, the length and nature of the stay, the indicia of connectedness and privacy, like change of clothes or sharing expenses or household burdens, are all factors which may alone or in combination with other factors support a reasonable expectation of privacy which is protected by the Fourth Amendment” (supra, at 163).
The courts have never decided on whether or not an employee can have a reasonable expectation of privacy in commercial premises. There can be a legitimate expectation of privacy in an apartment or house (see, People v Ponder, supra), or in an automobile. (See, Rakas v Illinois, supra.) In the instant case, this court finds that defendant Norberg, as an employee of the gas station, does not have a legitimate expectation of privacy in the gas station. The commercial premises are used by the employee, Norberg, for the benefit of the employer. Defendant Norberg does not have any indicia of privacy in the gas station. There is no evidence that the defendant kept personal possessions at the gas station, or that he slept there or that he inhabited the area in a manner sufficient to give rise to a legitimate expectation of privacy.
Accordingly, the defendant Norberg has no standing to challenge a search and seizure of items on the gas station premises. The defendant McNally is not an employee at the gas station, nor does he own the gas station. The defendant McNally has no reasonable expectation of privacy in the commercial premises and therefore has no standing to challenge the search and seizure of items on the gas station premises.
Defendants’ motions to suppress the evidence seized are denied since both defendants failed to satisfy the burden of proving that they had a reasonable expectation of privacy in the premises searched.

*553
HUNTLEY

The defendants’ motions to suppress the statements made to Police Officer Lengel are denied. The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless the defendant was read the Miranda warnings. (Miranda v Arizona, 384 US 436 [1966].) Volunteered statements by the defendant are not protected by the Fifth Amendment. (People v Bartolomeo, 53 NY2d 225 [1981].) In the instant case, the defendants’ statements were voluntary and were made during the course of Police Officer Lengel’s investigation. The defendants’ statements to Police Officer Lengel are not suppressed since the defendants were not in a custodial interrogation situation.