■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BARROWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.),

rendered January 20, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

. Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The defendant moved, as part of his omnibus motion, *inter alia,* to suppress a substance containing cocaine and various articles of drug paraphernalia found in an apartment at which the defendant was visiting. In the defendant's moving papers, he alleged that the police did not have probable cause to enter the apartment without a warrant. The court refused to grant the defendant a suppression hearing on the ground that he lacked standing to challenge the search because he failed to assert either a possessory or a proprietary interest in the apartment. We find that it was error to deny that branch of the defendant's omnibus motion which sought suppression without a hearing. The People may not base a case against the defendant solely on the statutory constructive possession presumption pursuant to Penal Law § 220.25 (2), and simultaneously deprive him of the right to challenge the search of the apartment *(see, People v Millan,* 69 NY2d 514; *cf., People v Wesley,* 73 NY2d 351, 361). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.