■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MATO, Also Known as JOSE MATOS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DIAZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MATO, Also Known as JOSE MATOS, and RAFAEL DIAZ, Appellants.—Judgment of the Supreme Court, New York County (Eugene Nardelli, J.), rendered May 28, 1987, convicting defendant Rafael Diaz, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree and imposing concurrent indeterminate terms of imprisonment of 15 years to life and 1 to 3 years, respectively, unanimously affirmed.

Judgment of said court rendered June 9, 1987, convicting defendant Jose Mato, upon a jury verdict, of criminal possession of a controlled substance in the first degree and imposing a term of imprisonment of 15 years to life, unanimously affirmed.

Order of said court, entered on or about September 27, 1988, denying a motion by defendants, pursuant to CPL 440.10 (1) (d), to vacate the aforementioned judgments of conviction, unanimously affirmed.

Rafael Diaz, Jose Mato and two other defendants, Rafael Andujar and Ramon Perez,* were jointly tried and convicted in connection with the March 22, 1986 seizure by police of more than seven ounces of cocaine, drug paraphernalia, a .38 caliber revolver and a .357 magnum handgun from an unoccupied apartment at 450 West 163rd Street in Manhattan.

Thereafter, by motion dated October 20, 1987, Andujar moved, pursuant to CPL 440.10 (1) (d), to vacate his conviction on the grounds that pursuant to the Court of Appeals decision in *People v Millan* (69 NY2d 514), decided May 7, 1987, he had standing to challenge the unlawful entry by police into the vacant apartment. Diaz joined in the motion. The trial court ordered a hearing as to whether the constitutional rights of Andujar, Diaz and Mato had been violated. Following a hearing, the trial court denied the motion to vacate.

* Ramon Perez did not appear for trial and was tried in absentia.

On this appeal from both the convictions and denial of the CPL 440.10 motion, Diaz and Mato argue that police entry into the apartment violated their US Constitution Fourth Amendment rights, that the trial evidence was insufficient to prove them guilty beyond a reasonable doubt, that the trial court improperly charged the jury on the presumption of knowing possession (Penal Law § 220.25 [2]), and that the court did not meaningfully respond to a jury note requesting further instructions.

The convictions should be affirmed.

We note first that upon the authority of *People v Millan (supra)* and *People v Wesley* (73 NY2d 351 [1989]), and contrary to the People's argument, the motion court correctly determined that the defendants had standing to challenge police entry into the apartment.

In *People v Millan (supra,* at 519), the Court of Appeals held that the People could not predicate a defendant's guilt of possession of weapon, attributed to him as a passenger in a taxicab, solely upon the statutory presumption of Penal Law § 265.15 (3), and simultaneously deprive him of standing to challenge the search. In *People v Wesley (supra,* at 361), the Court of Appeals discussed the rationale of its holding in *Millan,* stating:

"In *Millan* we were concerned with the unfairness created by a particular category of cases—those in which the legal fiction of Penal Law § 265.15 (3) was alone both probable cause to arrest and sufficient to satisfy the People's burden of proof of possession of a gun merely because of the circumstance of the defendant's presence in the automobile where the weapon was found. The statute was prompted by the frequency of cases in which the People were unable to secure any conviction when a gun was hidden in an automobile with more than one occupant, for under traditional legal principles, the very fact that more than one person had access to the gun generally defeated a charge of constructive possession *(see, People v Lemmons,* 40 NY2d 505). The broad remedy adopted by the Legislature was, in effect, to place each person in the same position as though the gun had actually been found on his or her person. To deny standing in such circumstances created an anomaly we addressed in *Millan,* by holding that defendants arrested and charged on the basis of Penal Law § 265.15 (3) have a right to contest the legality of the search of an automobile that the statute transformed through a legal fiction into an extension of their persons.

"The unfairness we perceived in *Millan* is not present in cases where a defendant is charged with constructive possession on the basis of evidence other than the statutory presumption. No presumption is used to secure a conviction."

Penal Law § 220.25 (2) provides a statutory presumption which parallels the one created by Penal Law § 265.15 (3). Penal Law § 220.25 (2) similarly was enacted to address situations where police discoveries of illicit drug factories reveal contraband lying about in open view but not physically possessed by any particular person. (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 220.25 at 46-47 [1989].) In both instances the statute creates a presumption which places each person present in the same position as if contraband had been found on his/her person.

Thus, in order to make out a prima facie case, the People need not establish a defendant's knowledge or ability to exercise dominion or control of the gun (Penal Law § 265.15 [3]) or narcotics (Penal Law § 220.25 [2]). In both instances it is the statutory presumption which allows the precise circumstance (presence in a specific location) that resulted in a lack of standing while at the same time forming the sole basis for conviction *(see, People v Wesley,* 73 NY2d, *supra,* at 361). It is precisely this result which the Court of Appeals in *Millan* (69 NY2d, *supra,* at 520) found to be fundamentally unfair. In circumstances involving physical or nonstatutory constructive possession, by contrast, the circumstances indicating that the defendant has insufficient interest to have standing are generally the same circumstances which at trial undermine the People's proof that a defendant exercised dominion and control over the contraband. *(People v Wesley,* 73 NY2d, *supra,* at 362.)

The record fully supports the CPL 440.10 court's finding that the emergency exception to the Fourth Amendment warrant requirement justified the warrantless entry into the subject apartment and resulting seizure of drugs and weapons. *(People v Calhoun,* 49 NY2d 398, 403 [1980]; *People v Mitchell,* 39 NY2d 173 [1976], *cert denied* 426 US 953 [1976].)

Testimony at both the trial and hearing indicated that at about 4:30 P.M. on March 22, 1986, uniformed Police Officers James Doyle and Edward McDermott received a radio dispatch of shots fired at 450 West 163rd Street, apartment 3C. When the dispatch was received, the officers were in a patrol car around the corner from the location. They arrived at the building within 30 seconds. Doyle immediately entered and

climbed a staircase. He observed that the door to apartment 3C was ajar and heard the sound of male voices speaking in Spanish coming from inside. With his gun drawn, Doyle pushed open the door while calling out "Police". Thereupon he observed Diaz some 12 feet away with a gun in his hand pointed downward. Andujar and Mato were standing six feet behind Diaz near a couch. Doyle ordered Diaz to drop the gun. Diaz did as instructed. As Doyle entered the apartment to recover the dropped gun, he saw Perez standing in an adjacent room holding a silver-colored .357 caliber magnum. After looking at Doyle, Perez turned and threw the gun out of the window next to him. At the same time Doyle observed four plastic bags of cocaine, a triple-beam scale and a granulator in plain view on a table in front of Perez.

Meanwhile, Officer McDermott, who was standing in the alleyway directly behind apartment 3C watching the fire escape, recovered the silver-colored .357 magnum thrown by Perez.

The police were presented with exigent circumstances justifying the warrantless entry into the apartment and the seizure of contraband in plain view. *(People v Spinelli,* 35 NY2d 77 [1974]; *People v Cruz,* 89 AD2d 526 [1st Dept 1982], *affd* 59 NY2d 984 [1983].) First, the radio report of a shooting provided the police with reasonable grounds to believe that there was an emergency at hand threatening life and/or property. Second, there is no indication in the record that the search was motivated by an intent to arrest the defendants or to seize evidence. Third, since the radio dispatch provided the exact location of the shooting, a reasonable basis existed to associate the emergency with the place the police entered. *(People v Mitchell,* 39 NY2d, *supra,* at 177-178; *People v Cruz, supra.)*

The trial court properly charged the jury on the statutory presumption of Penal Law § 220.25 (2), under which the presence of narcotics "in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to" the narcotics. Applying this presumption, we find that under the circumstances herein the evidence was legally sufficient to establish the guilt of defendants beyond a reasonable doubt. *(People v Bleakley,* 69 NY2d 490 [1987].)

We have reviewed defendants' remaining contentions and

find that they are without merit. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.