■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR DELVAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered October 3, 1986, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence and the appeal is held in abeyance in the interim. The County Court, Nassau County, is directed to file its report with all convenient speed.

The defendant stands convicted of criminal possession of a weapon. The first of two searches of the vehicle in which that weapon was found evidently took place at the scene of the initial stop. As a result of the search, police officers found a gun in a knapsack in the trunk of the vehicle (cf., People v Torres, 74 NY2d 224). Although the codefendant driver was then arrested, the circumstances under which the defendant and another passenger, who were never charged with possession of the gun found in the trunk, came to be transported to the police station, remain unclear (cf., People v Mosley, 68 NY2d 881, rearg denied 69 NY2d 707, cert denied 482 US 914). Police conducting an inventory search thereafter discovered under the back seat a sweatshirt on which was printed the defendant's first name. Underneath that sweatshirt they found yet another gun. The codefendant driver was convicted, by a plea of guilty, of illegal possession of the weapon found in the trunk. The defendant and the other passenger were charged only with illegal possession of the gun found under the back seat, and were convicted by a jury, which was instructed as to the presumption contained in Penal Law § 265.15 (3).

We agree with the People that the defendant failed on his omnibus motion to raise any issue with respect to the propriety of the initial stop of the vehicle. Therefore, no evidentiary exploration of any claim related to the stop is warranted *(see,* CPL 710.60 [3]; *see also, People v Holder,* 149 AD2d 325). However, although his motion papers were factually sparse, the defendant did take issue with the searches of the vehicle. The People's opposition to the defendant's challenge to the searches was premised not on the quality of his papers but rather on the claim that the defendant had no standing to contest a search of an automobile in which he was only a passenger *(see, People v Millan,* 69 NY2d 514, 521). Agreeing with the People, the County Court denied the defendant a suppression hearing. We conclude that it was error to do so *(see, People v Millan, supra; People v Barrows,* 155 AD2d 470).

The People assert that since, in addition to the statutory presumption, they presented circumstantial evidence at the trial that the defendant possessed the gun, the defendant was obligated to demonstrate he had a proprietary interest in the vehicle in order to be entitled to a pretrial hearing on the legality of the searches. However, although the rule affording a defendant "automatic standing" to contest the validity of a search where the crime thereafter charged is a possessory one has been abrogated *(see, People v Ponder,* 54 NY2d 160), in the narrow circumstance where the defendant is arrested and charged with illegal possession based on a statutory presumption which by legal fiction transforms the area searched into an extension of the defendant's person *(see, People v Wesley,* 73 NY2d 351, 361), "the defendant has a right to challenge the legality of the search regardless of whether he or she is otherwise able to assert a cognizable Fourth Amendment interest" *(People v Wesley, supra,* at 360; *see also, People v Millan, supra; People v Barrows, supra).* Such is the case here. Moreover, the defendant would in any event have standing to object to his removal to the police station *(cf., People v Millan, supra,* at 520, n 6; *People v Mosley, supra).* We therefore remit the matter to the County Court for an evidentiary exploration of the propriety of the search at the scene of the stop, the propriety of subsequent police conduct, and the relationship of any improper conduct to the discovery of the gun the defendant was convicted of illegally possessing. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.