OPINION OF THE COURT
Herbert Kramer, J.
Does a defendant have a legitimate expectation of privacy in a mail receptacle which is not in his home or place of business so as to allege standing to controvert the lawfulness of a search and seizure?
A Mapp-Dunaway hearing having been held, the court makes the following findings of fact. On January 24, 1989, an undercover officer made a buy of cocaine from two defendants in an apartment building lobby, where neither was a tenant. He then radioed to the backup team that he had made a buy and communicated the description of the defendants and the location of the buy and stash.
Incident to the defendant’s arrest, the officer searched the defendants and recovered prerecorded buy money from defendant Reid. The arresting officer then seized a bag containing narcotics from the unlocked mailbox in the lobby.[2]
This court, after a hearing, finds that the defendants did not have standing to challenge the search and seizure of controlled substances found in the private mail receptacle in the apartment building to which neither defendant had any connection. Further, this court holds that even if they had been legitimate tenants in the building, they would have no standing to challenge the seizure of the contraband placed in the mail receptacle pursuant to Federal statute 18 USC § 1716. (Cf, Domestic Mail Manual § 123.364 [incorporated by reference in 39 CFR 111.5].) Finally, even if the defendants had standing, the court finds that there was a lawful search and seizure incident to the arrest of the defendants.
*541 The New York courts have not decided the novel issue of the right to privacy in private mail receptacles and the individual’s standing to assert that right. The United States Supreme Court in Mancusi v DeForte (392 US 364, 368 [1968]) has held that the issue of whether an individual has standing is determined by whether the area searched is one in which the defendant has a reasonable expectation of freedom from governmental intrusion (see also, People v Rodriguez, 69 NY2d 159, 162 [1987]).
Among the factors to be considered are whether the individual took precautions to maintain privacy, the manner in which the individual used the premises and whether the individual had the right to exclude others from the premises (People v Rodriguez, supra). Thus, a mere showing of a possessory or proprietary interest in the area searched and item seized, while relevant, is not determinative of the issue of standing (Rakas v Illinois, 439 US 128 [1978]; People v Rodriguez, supra, at 163).
In the case at bar, Federal statutes pertaining to the mail must be analyzed with the State’s constitutional requirements of standing in mind.[3] The constitutionally protected right to own property is not an absolute right. (B & M Ltd. v Smith, 351 F Supp 1057, 1059 [1972].) Thus, even if the mailboxes in question are purchased by the individual property owner, they are property which is subject to Federal regulation (supra).
An authorized depository is every letterbox or other receptacle intended or used for the receipt or delivery of mail on any city delivery route, rural delivery route or highway delivery route (Domestic Mail Manual § 151.1). In addition, Domestic Mail Manual § 151.2 provides that receptacles described in section 151.1 shall be used exclusively for matter which bears postage. Thus, matter placed in authorized mail receptacles without postage is nonmailable. Moreover, several Federal statutes expressly prohibit the deposit of matter declared to be nonmailable (39 USC § 3001 [a]).[4]
The governing Federal statutes help define an individual’s Fourth Amendment right to privacy in mail receptacles. *542 Whether an individual’s expectation of privacy in the contents of a mail receptacle is reasonable and hence legitimate depends foremost on whether the matter is mailable.[5]
In the case at bar, the court’s holding that the defendants do not have standing to contest the search and seizure of the contents of the mail receptacle rests on several grounds. The defendants did not have a possessory or proprietary interest in the residence or its mail receptacle. As stated in People v Ponder (54 NY2d 160 [1981]), a case involving a residential home, a person may have a legitimate expectation of privacy in his apartment or house.[6] In fact, in the leading case, Payton v New York (445 US 573, 585 [1980], citing United States v United States Dist. Ct., 407 US 297 [1972]), the Supreme Court noted that the " 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed’ ”. An individual’s home is protected by the Fourth Amendment to such a degree because of the strong property interest involved and the manner in which the individual uses the premises.
The court in People v Rodriguez (supra, at 163) indicates that although a proprietary interest alone does not legitimate an expectation of privacy, in this case the defendants’ lack of a proprietary interest and therefore, the right to exclude others along with no other indicia of a nexus between the defendants and the area searched negates the possibility of a reasonable expectation of privacy in the mail receptacle.[7] Therefore, the defendants have not met the criteria articulated in Rodriguez (supra, at 163) which would lend credence to their claim of standing to controvert the search and seizure in a residential setting.
Furthermore, even if the defendants had a possessory interest in the mail receptacle, i.e., tenants, they would have *543 forfeited any privacy right guaranteed by the Fourth Amendment by placing illegal matter in an unlocked mail receptacle in violation of 18 USC § 1716 (cf, 39 USC § 3001; Domestic Mail Manual §§ 124.1, 124.364).[8] 18 USC § 1716 (a) provides in part: "All kinds of poison, and all articles and compositions containing poison * * * whether or not sealed as first-class matter, are nonmailable matter and shall not be conveyed in the mails or delivered from any post office or station thereof, nor by any officer or employee of the Postal Service.” Controlled substances are considered poisonous articles within the intent and meaning of 18 USC § 1716 (Domestic Mail Manual § 124.364 [c], [d]; State v McHorse, 85 NM 753, 517 P2d 75 [1973]). In addition, the use of mail receptacles exclusively for mail matter applies to items or matter placed upon, supported by, attached to, hung from or inserted into a mail receptacle (Domestic Mail Manual § 151.2; Rockville Reminder v United States Postal Serv., 480 F2d 4, 6 [1973]).
Thus, since any expectation of privacy that a tenant may have in the mail extends only to mailable matter, when nonmailable matter is inserted into a mailbox, a tenant’s expectation of privacy in the mail receptacle is more akin to that in a public place than in a home, which is given the greatest protection from governmental intrusion by the Fourth Amendment. Therefore, given the strict limitations placed on the use of mail receptacles by Federal statutes, a mail receptacle does not fall within the scope of privacy granted to a person’s home under Payton v New York (445 US 573, supra).[9]
Finally, even if the defendants had standing, this court finds there was a lawful search and seizure incident to the arrest of the defendants. The undercover officer’s detailed description of the defendants’ physical appearance and location of the transaction provided sufficient evidence to establish a lawful arrest of the defendants. (People v Mingo, 121 AD2d 307 [1986].) In addition, the undercover officer indicated to the *544 arresting officer that the defendants removed the contraband from the mail receptacle. The search and seizure of the contraband from the unlocked receptacle was incident to the lawful arrest. In People v Maldonado (76 AD2d 691) the court concluded that the warrantless search of an unsecured box was lawful. The court reasoned that the container, a box commonly used to transport newly purchased clothing, could not be classified as personal luggage intended as a repository of personal effects that would illicit an expectation that the contents would remain free of public examination. Furthermore, the court noted that searches of unsecured containers, for example a closed but unlocked toolbox, which could not be characterized as “personal luggage” generally were upheld (see, People v Maldonado, supra).
The defendant contends that the officers should have obtained a warrant prior to the seizure of the contraband. The court views the seizure in the open receptacle as a mere recovery of the stash in non-“personal luggage” subsequent to an undercover buy. A mail receptacle cannot be classified as “personal luggage” with the one exception for the deposit of mailable matter pursuant to Domestic Mail Manual § 151.2. Finally, the deposit of nonmailable matter, contraband, by the defendants in violation of 18 USC § 1716 constitutes obstruction of correspondence pursuant to 18 USC § 1702.
Therefore, this court holds that the arresting officer’s seizure of the contraband curtailed the obstruction of correspondence via the United States Postal Service and was thus proper.

. There was a total of approximately 20 mailboxes. However, the undercover officer did not communicate to the arresting officer either the name or the number of the mailbox in question.

. When a letter is placed in a post office it is within the legal custody of the officers or agents of the Federal Government and while it so continues, the laws of the United States operate to the exclusion of the State laws (United States v Eddy, 1 Biss 227, F Cas No. 15,024 [ND Ill 1858]).

. Nonmailable matter is defined and prohibited by 18 USC §§ 1302, 1341,1461, 1463, 1714,1715, 1716,1717 and 1718, which includes, but is not limited to, obscene, inciting matter and poisonous articles.

. There are several situations in which even matter defined as "mail sealed against inspection” can be opened, read, or searched, despite the fact that this matter is accorded the highest level of protection (Domestic Mail Manual § 115.2).

. However, in commercial premises, an individual’s expectation of privacy is more limited. The relevant inquiry, as stated by this court in People v Johnson (NYLJ, Mar. 2,1988, at 16, col 3) is whether the place searched is directly connected with the defendant’s employment responsibilities and activities (cf., People v Norberg, 136 Misc 2d 550, 552 [1987]).

. The number of times a person stays in a particular place, the length and nature of the stay and the sharing of expenses or household burdens are all factors which support a reasonable expectation of privacy guaranteed by the Fourth Amendment. (People v Rodriguez, 69 NY2d 159,163.)

. This court has only addressed the standing issue in regard to an unlocked mailbox. It would appear that if the mail receptacle was locked, a police officer may not be able to open the receptacle without the presence of a postal inspector or a search warrant (Administrative Support Manual, ch 2 [Inspection Service] § 211.21; Domestic Mail Manual §§ 115.41, 115.42; People v Maldonado, 76 AD2d 691 [1980]).

. The Supreme Court in Payton v New York (455 US 573, 585) noted the distinction between warrantless searches in public places, which are valid, and the greater burden on officials who enter a home without consent.