(February 5, 1991)

■ The People of the State of New York, Respondent, v Robert Mercica, Appellant.—Judgment of the Supreme Court, New York County (Rose L. Rubin, J.), rendered March 1, 1988, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree and sentencing him, as a predicate felon, to two concurrent indeterminate terms of imprisonment of from 2 to 4 years, unanimously affirmed.

Uniformed police officers, while on routine patrol in a drug-prone area at about 4:00 A.M., observed a man leaving an apartment building. Upon seeing the policemen, the man ran back inside the building and up to the roof. When confronted there by the officers, he stated that he was frightened and told them that men in apartment 4C had guns. The officers accompanied the man to the apartment and knocked on the door, announcing they were police officers. An occupant opened the door, and an officer took one step inside. Observing a second man with his hands held outside an open window, the officer took two more steps inside and saw defendant, sitting within arm's length of a holstered and cocked .45 caliber revolver in open view on the table. In taking possession of the gun, the officer noticed a canvas bag next to defendant which he opened to determine if it concealed additional weapons. The bag held 500 glassine envelopes containing what was later determined to be heroin. Defendant and the other two men were arrested and indicted. After a *Mapp* hearing, the court denied defendant's motion to suppress the gun and heroin.

Defendant contends that his suppression motion should have been granted. However, because he admitted to residing elsewhere and was merely an invitee in the apartment, defen-

dant lacked standing to challenge the officer's entry onto the premises *(People v Wesley,* 73 NY2d 351). Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.