■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN BARROWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered January 20, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Following a suppression hearing after remittitur *(see, People v Barrows,* 155 AD2d 470), the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the weapons and illegal drugs seized during a warrantless search of the apartment in which the defendant was found. We agree with the determination by the Supreme Court that the exigencies of the situation justified the warrantless entry by the police into the apartment. The record shows that within minutes of receiving a radio call of shots fired at 24 East 96th Street, Apartment 2B, Police Officers Faraci and Chiofolo knocked on the apartment door to investigate. When the door opened, Officer Faraci noticed a male in the background who met the description given in the radio call. Because this individual was partially hidden from view and the radio call had indicated that he was carrying a gun, the officers rushed in and secured the apartment. Under these circumstances, the recovery of the guns and the illegal drugs inside the apartment, which were in plain view, was a lawful result of the entry into the apartment dictated by the exigencies of the situation *(see, People v Cartier,* 149 AD2d 524, *cert denied* — US —, 110 S Ct 1927; *People v De Vito,* 114 AD2d 374; *People v Green,* 103 AD2d 362).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Harwood and Balletta, JJ., concur.