■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWLINE TEJADA, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J. at suppression motion, Alfred Kleiman, J. at trial without a jury and sentencing), rendered on August 27, 1987, convicting defendant of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree (Penal Law §§ 220.16, 265.02, 220.50), and sentencing him, in absentia, to concurrent indeterminate terms of imprisonment of from 2⅓ to 7 years on the drug and weapon possession counts and a definite term of one year's imprisonment on the drug paraphernalia count, unanimously held in abeyance, the order rendered on February 20, 1987 reversed, as a matter of discretion in the interest of justice, insofar as it summarily denied defendant's motion to suppress physical evidence, and the matter is remanded for a hearing on defendant's motion to suppress physical evidence.

Convicted of possessing drugs, drug paraphernalia and a gun, defendant claims error in the suppression court's summary denial of his motion to suppress the drugs, drug paraphernalia and gun on the ground that they were the fruits of an illegal search. Denial of the motion was based on defendant's failure to allege facts in his motion papers sufficient to show a legitimate expectation of privacy in the apartment where this physical evidence was found. While we agree with the IAS's finding in this regard, we also agree with defendant that he nevertheless had standing to challenge the search, this because the People's case was dependent upon the so-called "room presumption" of Penal Law § 220.25 (2), and that the lawfulness of the search should therefore have been decided on the merits. While the People continue to urge upon us that the room presumption does not confer "automatic standing" to challenge a search, we adhere to our decision in *People v Mato* (160 AD2d 435) that it does *(accord, People v Barrows,* 155 AD2d 470 [2d Dept]; *People v Stewart,* 153 AD2d 597 [2d Dept]). And, since defendant's suppression motion was prepared before the decision in *People v Millan* (69 NY2d 514), on which our decision in *Mato* was based, it would not be in the interests of justice to deny defendant the hearing he seeks on the ground that automatic standing was not urged in his suppression motion and is therefore not preserved for appel-

late review *(cf., People v Knight,* 138 AD2d 294, *appeal dismissed* 73 NY2d 992).

The People argue that had they known defendant would seek to benefit from their reliance on the room presumption as the basis for his claim of standing to challenge the search, they would have abandoned that line and instead would have elected exclusive recourse to a theory of "classic constructive possession". This speculation, enriched with the benefit of hindsight, is insufficient to deny defendant the relief he seeks. The colloquy between court and counsel following the close of the proof at trial clearly establishes that defendant's conviction rests in significant part upon invocation of "the room presumption." That being so, as we held in *People v Mato (supra,* at 437), foreclosure of a hearing would be "fundamentally unfair" to defendant.

The People also argue that since the room presumption applies only to drug possession, a suppression hearing could have no possible effect on the gun possession and drug paraphernalia counts, both of which, they say, rested on proof of constructive possession without aid of any presumptions. It is unnecessary to decide at this time the effect, if any, of an illegal search on any of the charges made against defendant. There will be ample opportunity to address that question if and when the suppression court, on remand, determines that the search was illegal.

There is no merit to defendant's contention that the sentencing court was required to order a *current* presentence report and otherwise to reconsider its sentence when defendant, who absconded during trial after opening statements and, sentenced in absentia, was apprehended a year later and brought before the court prior to execution of sentence. The situation here is to be distinguished from *People v Villegas* (146 AD2d 228, 231), where we rejected the proposition that a convicted defendant could be permitted to forfeit his right to *any* presentence report on the ground that society itself has an important stake in an appropriate sentence. We conclude that when a defendant absconds he is scarcely in a position to complain that the probation department failed to interview him, any more than a defendant in custody who declines, for whatever reason, to submit to a departmental interview. Defendant's position here is not very different from that of the appellant from a criminal conviction who has absconded and is no longer subject to the mandate of the court; under such circumstances he is deemed to have forfeited his appeal *(Peo-*

*ple v Sullivan,* 28 NY2d 900). Voluntary deportation dictates the same outcome *(People v Del Rio,* 14 NY2d 165).

As for the representation issue, the record shows that defendant was vigorously represented by counsel at the sentencing proceedings conducted in absentia, and as pointed out by the People, there is no compulsion to regard that earlier occasion as a meaningless charade. We do not say, of course, that the trial court could not, in its discretion, have deferred execution of sentence both for the participation of defense counsel and an updated sentencing report. We simply hold that this record reveals no abuse of discretion in declining both and simply proceeding to effectuate the sentence already imposed in full compliance with law. Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Smith, JJ.