■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered September 13, 1990, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the hearing court erred when it refused to suppress a gun found in his apartment during a warrantless arrest and search. We disagree.

The record reveals that on December 24, 1989, at approximately 8:45 A.M., the arresting police officer and his partner received a report stating that a man was walking on the street with a gun. The officers immediately responded to that location and were approached by an individual who stated that he knew the man that had the gun. This individual took the police to the defendant's apartment and at the request of the officers, he knocked on the defendant's door. As the defendant opened the door, the arresting officer, still standing in the hallway, peered into the room, which was approximately eight feet by six feet. In the room, the officer saw a handgun on a dresser located "within arm's reach of the defendant" and approximately seven feet away from the officer. The police officer immediately drew his gun, and ordered the defendant to get onto the floor where he was handcuffed. The officer then seized the gun from the dresser. Under these circumstances, the seizure of the gun from inside the apartment was lawful because the officer observed the gun in plain

view from his position in the hallway during a proper investigation of a report of a man with a gun. The observation, together with the report of the civilian informant, provided probable cause for the defendant's arrest *(see, Chimel v California,* 395 US 752; *People v Barrows,* 170 AD2d 611; *People v Green,* 103 AD2d 362). Incident to that arrest, the police properly seized the gun from the so-called "grabbable" area surrounding the defendant. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.