■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWLINE TEJADA, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.; Leslie Crocker Snyder, J., at suppression), convicting defendant, after nonjury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree, and sentencing him to concurrent indeterminate terms of 2⅓ to 7 years' imprisonment on the possessory counts and a concurrent one-year term on the use count, unanimously modified, on the law, to reverse and dismiss the conviction for third degree criminal possession of a controlled substance and vacate the concurrent sentence imposed thereon, in light of the suppression of the physical evidence underlying that count at a hearing on remand (unchallenged herein), and otherwise affirmed.

Defendant was arrested and charged in connection with a warrantless search of an apartment in which police seized drugs, drug paraphernalia and a gun in plain view. Although

defendant failed to allege any legitimate expectation of privacy in this apartment, we held in 1991 (171 AD2d 585) that summary denial of his suppression motion was error because the "room presumption" of Penal Law § 220.25 (2) did confer standing to challenge that search (see, People v Barrows, 155 AD2d 470), and accordingly remanded for such a hearing while holding the appeal in abeyance. That hearing resulted in a ruling that defendant automatically retained standing to challenge evidence underlying the statutory presumption of drug possession, and since the court found insufficient exigency to support the warrantless entry, that evidence was suppressed. (The People have not appealed.) But with regard to the drug paraphernalia and the gun, which were not covered by the presumptive possession statute, the court denied suppression, ruling that defendant was relegated to the general principle that only a legitimate expectation of privacy in the premises could confer standing to challenge the warrantless search and seizure (see, Rakas v Illinois, 439 US 128; People v Ponder, 54 NY2d 160). Defendant appeals.

The purpose of section 220.25 (2) was to address the problem of illicit home-industry drug factories, where narcotic contraband being processed would be found lying about in open view, although not in the physical possession of any particular individual (People v Mato, 160 AD2d 435, 437, lv denied 76 NY2d 988). Defendant concedes that he had no legitimate expectation of privacy in this apartment. But even though the People were required to prove his constructive possession of the gun and drug paraphernalia outside the scope of the item- or place-specific "room presumption" statute, defendant argues that the statute is broad enough to cover all items subject to seizure as a result of the search of the premises. We disagree. Any "unfairness" that supports a defendant's standing to challenge a statutory presumption of possession is not present in cases based on constructive possession resting outside the statutory presumption (People v Wesley, 73 NY2d 351, 361).

We recognize the apparent anomaly that drugs seized during this warrantless entry were rightfully suppressed, whereas drug paraphernalia and the gun were not. But this case does not turn on the validity of the entry and search; rather, the issue is one of standing. Other than in cases involving the legal fiction of statutorily presumed possession, defendant simply has no standing to challenge physical evidence seized as a result of a search of premises in which he has no legitimate expectation of privacy (People v Rodriguez, 69

NY2d 159). Differing results on the count governed by the statutory presumption and on those counts governed by the general principle of constructive possession do not render the judgment fatally inconsistent *(People v Plower,* 176 AD2d 214, *lv denied* 79 NY2d 830).

We agree with the analysis in *People v Stewart* (153 AD2d 597), which involved a situation where the defendant was similarly charged with criminal possession of a controlled substance, criminal possession of a weapon and criminal use of drug paraphernalia. There the suppression hearing resulted in invalidation of the search warrant, but the Second Department held that the defendant had standing to challenge only the drug possessory counts, since the People had relied on the statutory room presumption in section 220.25 (2). The defendant was "properly denied standing to challenge the seizure of the weapon and drug paraphernalia, inasmuch as there exists no statutory presumption with respect to the possession of these objects, and the defendant otherwise failed to establish the requisite privacy interest in the premises where the contraband was seized" *(supra,* at 598). The case before us is virtually indistinguishable. Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Smith, JJ.