■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERIC FAULKNER, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., at suppression hearing; Elbert C. Hinkson, J., at plea and sentence), rendered February 25, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 4½ to 9 years, unanimously affirmed.

Although, in the grand jury proceedings, the prosecution had not relied on the room presumption (Penal Law § 220.25 [2]) to establish defendant's possession of contraband, its refusal to stipulate that it would not rely on the presumption at trial clearly bestowed upon defendant standing to contest the legality of the seizure *(People v Tejada,* 171 AD2d 585, 586). Moreover, we disagree with the hearing court's finding that the automatic standing which resulted from the prosecution's potential reliance on the room presumption limited defendant to contesting a seizure within the apartment only insofar as it may have been the result of a search conducted without probable cause, but did not allow defendant to also contest it as the fruit of an illegal, warrantless entry into the apartment *(see, People v Mato,* 160 AD2d 435, *lv denied* 76 NY2d 988; *People v Stewart,* 153 AD2d 597). Furthermore, we reject the prosecution's argument that defendant's failure to except to this ruling waived appellate review of his contention that he had standing to move to suppress the contraband as a fruit of the warrantless entry into the apartment.

As to the merits of defendant's motion to suppress, we note that defendant does not request a new hearing on the legality of the warrantless entry. Indeed, since the court did not make its ruling that defendant lacked standing as to this issue until after the completion of the hearing, the parties, in fact, had a full opportunity to elicit testimony encompassing all the issues involved in such a finding. Based on the record of that hearing, we find that the entry was proper. The circumstances observed by the officers in the public entryway of the building had all the earmarks of an illicit drug transaction *(see, People v Ramos,* 168 AD2d 359, 360, *lv denied* 77 NY2d 910) and, on their own, established probable cause to arrest defendant.

Since the police were in immediate hot pursuit, and exigent circumstances were clearly present, including the strong likelihood that the contraband would be destroyed, we find that the officers were justified in entering the apartment without a warrant *(see, People v Levan,* 62 NY2d 139, 145).

Defendant did not challenge the legality of his plea of guilty either at sentencing or on a motion to vacate pursuant to CPL 440.10. As a result, the record before us is devoid of factual support for his claim that his plea of guilty was a result of his misapprehension concerning a relevant fact, i.e., that certain counts of the indictment had previously been dismissed with leave to re-present. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.