■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP DONALDSON, Appellant. [619 NYS2d 310] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered September 30, 1992, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant lacks standing to challenge the police officers' entry into the basement social club where the defendant was allegedly employed; nor did the defendant have a reasonable expectation of privacy in the area behind some speakers in the basement party room where, in one of the officers' plain view, he attempted to conceal a firearm (see, People v Ponder, 54 NY2d 160; People v Holland, 155 Misc 2d 964; People v Norberg, 136 Misc 2d 550). In any event, the officers were responding to a radio report that 10 shots had been fired in the basement at 116-37 Sutphin Boulevard, so that their expeditious entry into the club without a warrant was justified because they had reasonable grounds to believe that an emergency existed there (People v Mitchell, 39 NY2d 173, cert denied 426 US 953; People v DePaula, 179 AD2d 424, 426; People v Barrows, 170 AD2d 611; People v Mato, 160 AD2d 435, 438). Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.