■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT FREEMAN, Respondent. [633 NYS2d 136] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered April 11, 1994, which granted defendant's motion to suppress physical evidence, unanimously reversed, on the law, the suppression motion denied and the matter is remanded for further proceedings.

Defendant was found by police officers in possession of the suppressed contraband in the basement of 1198 Clay Avenue in Bronx County. The pedigree information given by defendant to the arresting officers indicated that the premises in question were not his residence. While defendant contended that the premises was a private social club, the police testimony described the basement as an abandoned location where individuals gathered to purchase and take drugs. The hearing court credited the defendant's description of the premises.

It is clear that the testimony credited by the hearing court established, at most, that defendant was a guest or invitee on the premises in question with no reasonable expectation of privacy therein and therefore no standing to contest the warrantless search by police officers (*People v Mercica*, 170 AD2d 181, 182 [citing *People v Wesley*, 73 NY2d 351], *lv denied* 77 NY2d 964). *People v Faulkner* (185 AD2d 764, *lv denied* 80 NY2d 929) and *People v Tejada* (171 AD2d 585) are inapplicable to this case as both of those cases involved the People's reliance upon the statutory room presumption (Penal Law § 220.25 [2]) which provides the accused with automatic standing to contest the search. In this case, the People expressly did not invoke the room presumption since their theory was that the accused possessed the contraband personally. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.