■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO TORRANCE, Appellant. [747 NYS2d 823] —Appeal from a judgment of Monroe County Court (Egan, J.), entered March 31, 2000, convicting defendant after a jury trial of rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts of rape in the first degree (Penal Law former § 130.35 [1]). County Court properly denied defendant's motion to suppress tangible evidence and statements obtained by the police as the result of two warrantless entries by police officers into the abandoned building where the rapes occurred and the warrantless searches of that building. The evidence at the suppression hearing supports the court's determination that defendant had no reasonable expectation of privacy in the premises and therefore lacked standing to challenge the warrantless entries and searches (*see People v Williams,* 180 AD2d 703; *see also People v Freeman,* 220 AD2d 369; *People v Green,* 81 AD2d 621, 622). "[A] suppression determination must be based solely on the evidence presented at the suppression hearing," and thus defendant may not rely upon evidence presented to the grand jury and at trial to challenge that determination (*People v Evans,* 291 AD2d 868, 869). We reject the contentions of defendant that the verdict on count four is contrary to the weight of the evidence (*see People v Ayala,* 236 AD2d 802, 803, *lv denied* 90 NY2d 855) and that the court erred in denying his motion to sever the counts of the indictment charging him with two separate sexual assaults (*see People v Jones,* 236 AD2d 846, *lv denied* 90 NY2d 859). The court properly curtailed

defendant's cross-examination of one of the victims concerning her alleged past acts of prostitution (*see generally People v Brown,* 267 AD2d 1051, 1052, *lv denied* 94 NY2d 917). We reject the contention of defendant that he was denied effective assistance of counsel on the ground that at sentencing he was not represented by the same attorney who had represented him throughout the prior proceedings (*see People v Camacho,* 16 NY2d 1064, 1065; *People v Smith,* 248 AD2d 891, 892, *lv denied* 92 NY2d 906). Nor does the record support defendant's contention that defense counsel was otherwise ineffective (*see People v Flores,* 84 NY2d 184, 189). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.