■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS M. PUCCI, Appellant. [773 NYS2d 729]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 28, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts), and criminal possession of a weapon in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (§ 265.03 [2]) for beating his roommate and threatening him with a loaded handgun. Contrary to the contention of defendant, Supreme Court properly denied without a hearing that part of his motion seeking suppression of the handgun and other evidence seized during the warrantless search of a storage room in his apartment building. Defendant failed to support his motion with "sworn allegations sufficient to raise standing as an issue of fact" (*People v Whitfield*, 81 NY2d 904, 906 [1993]). Contrary to defendant's contention, the court was not required to conduct a hearing on the motion merely because the People consented to a hearing (*see People v Mendoza*, 82 NY2d 415, 430 [1993]). Furthermore, defendant may not rely upon evidence presented at trial to challenge the court's determination of the suppression motion (*see People v Torrance*, 298 AD2d 857 [2002], *lv denied* 99 NY2d 540 [2002];

*People v Taylor*, 206 AD2d 904 [1994], *lv denied* 84 NY2d 940 [1994]). We also reject the contention of defendant that the court erred in denying without a hearing that part of his motion alleging that he was arrested without probable cause.

Contrary to the further contention of defendant, the evidence is legally sufficient to support his conviction of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]) under counts six and seven of the indictment. The contentions of defendant with respect to the legal sufficiency of the evidence supporting his conviction under counts one, two, three and five of the indictment are not preserved for our review (*see* CPL 470.05 [2]). Nor has defendant preserved for our review his contentions in the main brief concerning the jury instructions and the conduct of the prosecutor, or the contention in his pro se supplemental brief that the court erred in failing to charge the jury on the defense of justification (*see id.*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The additional contention of defendant in his pro se supplemental brief that he was excluded from material stages of the trial is without merit (*see People v Horan*, 290 AD2d 880, 884 [2002], *lv denied* 98 NY2d 638 [2002]). Finally, the sentence is not unduly harsh or severe, and there is no support in the record for the contention of defendant in his pro se supplemental brief that the sentence imposed was the product of vindictiveness (*see People v Urrutia*, 2 AD3d 1475 [2003]). Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.